279 So.2d 48 (1973)
In re ESTATE OF Frederic C. COLLIN, Deceased.
No. 72-684.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Allan M. Glaser and Robert C. Ward, of Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant Doris Reitz Collin.
John B. Powell, IV, of Heuer & Albury, West Palm Beach, for appellee Paul W. Potter, Jr., Executor of Estate of Frederic C. Collin, Deceased.
OWEN, Judge.
The widow of Frederic C. Collin, deceased, appeals from an order of the County Judge's Court of Palm Beach County which authorized the executor of decedent's estate to sell, over appellant's objection, certain real property belonging to the estate.
Decedent's will conferred no power of sale on the executor. Pursuant to the provisions of F.S. Section 733.23, F.S.A., the executor filed a petition for an order authorizing sale of certain described real property upon the terms of a contract for sale attached to the petition, alleging therein that "the petitioner considers that it is expedient, necessary, and to the best interest of the Estate to sell the above-described real property in order to provide funds for paying taxes, claims against the estate, and other expenses of administration in the above estate". Appellant filed a response in which she denied that it was *49 in the best interest of the estate to sell the said property and further alleged that the price proposed for the property was inadequate.
Thereafter, the matter came on for hearing. The court, without taking any evidence, ruled (in essence) that it was the executor's prerogative to determine whether the sale was necessary and in the best interest of the estate; and that since the contract of sale was for a proposed sale price which would net as much or more to the estate as would a sale at the appraised value (if made through a broker), the sale would be authorized. Pursuant to this announced ruling the court thereafter entered the order appealed, which order authorized the sale but contained no finding by the court that such sale was necessary or that it was in the best interest of the estate.
Appellant contends, and we agree, that where the will contains no power of sale, and the executor files a petition for an order authorizing the sale pursuant to the provisions of F.S. Section 733.23, F.S.A., which petition is traversed by one having an ostensible interest in the estate, the executor has the burden of demonstrating to the court that the sale is necessary and in the best interest of the estate.
True, F.S. Section 733.23, F.S.A., states that whenever an executor, whose testator has not conferred upon him a power of sale, considers that it is for the best interest of the estate and those interested therein that the property of the estate be sold for distribution or for any other purpose, he may sell the same at public or private sale. But this statutory authorization is immediately followed by the proviso that no title shall pass until by order of the County Judge the sale shall be authorized or confirmed. Such a proviso would be meaningless if the County Judge's role is merely to "rubber-stamp" approval of the petition. Necessarily implied in the proviso [that the sale be authorized or confirmed by order of the County Judge] is the requirement that the judge make a factual determination upon such evidence as may be presented, as to whether the proposed sale is necessary and in the best interest of the estate. This the trial court did not do and on the record before us we are satisfied that such findings cannot be fairly implied from the mere entry of the order authorizing the sale.
Appellant also contends that since she has not consented to the sale, and the time for election to take dower had not expired, such sale is precluded by F.S. Section 733.25, F.S.A. At no time did appellant raise this point below. The record reflects that subsequent to her marriage to decedent, appellant executed (and decedent caused to be recorded) an instrument entitled Quit-Claim Deed and Release of Dower, which included the subject real estate. Although appellant informs us that she has presently pending in another court a suit seeking to set aside this instrument as invalid, we conclude that the existence of the instrument, valid on its face, satisfies the requirements of F.S. Section 733.25, F.S.A. so that such statute will not act as a bar to the sale. By way of caveat, we express no opinion as to appellant's dower rights in the real property should she ultimately be successful in the suit to invalidate this instrument.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, C.J., and CROSS, J., concur.