IN RE ESTATE OF VIVIAN W. BOOTH, DECEASED.
BILLY D. BOOTH, APPELLANT, V. STEVEN J.
REISDORFF, ADMINISTRATOR DE BONIS NON, AND
AUDREY J. BOOTH, APPELLEES.

272 N. W. 2d 915

Filed December 20, 1978. No. 41800.

John McArthur, for appellant.

Peake & Navis, P.A., for appellee Reisdorff.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

PER CURIAM.

This is an appeal in a proceeding to administer the estate of Vivian W. Booth, deceased. On May 6, 1977, Steven J. Reisdorff, the administrator de bonis non, filed his application in the county court for a license to sell a residence property of the deceased. After notice and hearing the county court granted the application and ordered the property sold. Billy D. Booth, a son of the deceased and the former executor of the estate, perfected an appeal to the District Court.

After trial de novo in the District Court the judgment of the county court was affirmed. Billy D. Booth has appealed to this court.

Section 30-2476 (23), R. R. S. 1943, provides that a personal representative of the deceased acting reasonably for the benefit of the interested persons may sell any real property of the estate following a court order with notice given in the manner prescribed in the statute. The appellant contends the order authorizing the sale of the residence property of the deceased was erroneous because the evidence does not show what personal property there is in the estate or its value and the claims against the estate have not been determined.

The inventory filed by the administrator lists three items of real estate: a business property in Crete, Nebraska, valued at $14,000; the residence property in Crete, Nebraska, valued at $30,000; and an 80-acre farm in Lancaster County valued at $31,200. The administrator testified that the farm is the major asset of the estate; there are some problems concerning the marketability of the title to the business building; and that it was his opinion that it was in the best interests of the estate and the heirs to sell the residence property at this time. He estimated the present value of the residence property at $45,000 to $50,000.

The inventory listed the following personal property as belonging to the estate:

"PERSONAL PROPERTY

| | VALUE |
|---|---|
| Shares of stock, Booth Seed Company, Inc. | Unknown |
| Notes Owned (sic) to Vivian W. Booth by Booth Seed Company, Inc. | $61,000 |
| Liquidated value of Booth Seed Company, Inc. | Unknown" |

The administrator testified that the estate had obligations in the amount of approximately $11,000 at this time which should be paid. These included a claim in the amount of $3,500 from a law firm by the name of Marchetti which had been allowed; a claim by an accountant in the approximate amount of $2,000; a claim from Blevens, Blevens and Bartu in the amount of $2,500; a claim by an engineering firm in the amount of $500; Federal estate tax estimated to amount to $5,000 or more; and delinquent real estate taxes in the amount of approximately $2,000.

The administrator further testified the income from the business building was approximately $150 per month; there was no income from the residence property because it was being held for sale; and that the income from the farm was unknown at this time because the administrator had been unable to discover what agreement had been made by the prior executor. The estate had no cash available to pay the expenses and obligations of the estate and income to be received during the next year would not be adequate to pay these amounts.

The appellant presented no evidence.

The evidence which has been summarized will sustain a finding that it is in the best interests of the estate and the persons interested in the estate that the property be sold.

The judgment of the District Court is affirmed.

AFFIRMED.