FRANK D. UPCHURCH, Jr., Judge.
Ella Mae Taylor appeals from an order which confirmed the sale of assets of an estate and discharged the personal representative.
Decedent, Rosa Taylor, died intestate on January 7, 1981, leaving an estate composed of real property valued at between $25,000 and $32,500 plus personal property valued at $3,500. Claims filed against the estate were in excess of $11,000. Decedent’s next of kin were her five sisters and four brothers, all of whom consented on one sister, Lessie B. Hopkins, the appellee, being appointed as personal representative of the estate.
On March 12, 1984, Hopkins, as personal representative, filed a notice of hearing and petition to sell the estate property at a public sale. In the petition, the real property was valued at $32,500. Notice of the sale was given to the other beneficiaries, as well as to interested persons. The court entered an order directing public sale of the property, which provided that the sale would be to the highest bidder and the proceeds of the sale would be used to cover claims against the estate, costs of administration and distribution to the heirs. The order also stated that all members of the public, heirs at law and the personal representative were permitted to bid at the sale. The sale was held on June 12, 1984, and was attended by fifteen to twenty-five persons. Hopkins was the highest bidder with a bid of $503.
Hopkins then filed a petition for an order confirming the sale. The petition reflected that Hopkins, in addition to the $503 bid for the property, had expended $8,937.47 from her personal funds to pay real property taxes, mortgage payments on the property, funeral expenses and attorney’s fees. In addition, Hopkins agreed to pay all future claims, attorney’s fees and court costs. The court below found that all outstanding claims against the estate had been settled.
Taylor, Hopkin’s sister, objected to confirmation of the sale on several grounds. First, she contended that the order directing the sale was not delivered to the beneficiaries, thus they had no notice that Hopkins was allowed to bid at the sale. This contention is not supported by the record, as Taylor admits. Second, Taylor points *1356 out that, by purchasing the property at a small fraction of its appraised value, Hopkins violated her fiduciary duty as a personal representative by not using her authority for the best interest of all the beneficiaries. Hopkins had the authority to reject any final bids that she thought were too low. Section 737.302, Florida Statutes, provides that the personal representative, in dealing with estate assets, shall follow the standard of a prudent trustee dealing with the property of another.
A copy of the petition to confirm the sale was served on each heir at law and other interested persons, but based on the record before us it appears that the court considered only the pleadings and made no findings of fact. The court in Re Estate of Collin, 279 So.2d 48 (Fla. 4th DCA 1973) held that the executor has the burden of proving that the proposed sale is necessary and in the best interest of the estate. The court also warned against “rubber stamp approval” by the trial court and required the judge to make a factual determination based upon the evidence presented. Id. at 49. No notice of any hearing, transcript or other record has been furnished to us. Hopkins admits in her brief that only a copy of the petition to confirm the sale and the order thereon were served on all interested persons.
In view of the obligations imposed upon personal representatives under Florida law and in light of the token amount paid for the land, the court may have abused its discretion in approving the sale. Section 733.610 provides:
Sale, encumbrance or transaction involving conflict of interest. — Any sale or encumbrance to the personal representative or his spouse, agent, or attorney, or any corporation or trust in which he has a substantial beneficial interest, or any transaction that is affected by a conflict of interest on the part of the personal representative', is voidable by any interested person except one who has consented after fair disclosure, unless:
(1) The will or a contract entered into by the decedent expressly authorized the transaction; or
(2) The transaction is approved by the court after notice to interested persons.
Because no notice of a hearing on the petition to confirm was given, and no factual determination was made despite Taylor’s objection to the sale, we reverse.
REVERSED and REMANDED for further proceedings.
COBB, C.J., and SHARP, J., concur.