WALDEN, Judge,
dissenting.
I would reverse the order on appeal, which order granted the personal representative’s petition for leave to compromise and settle claims against the estate of David T. Richards, and remand with instructions to conduct an evidentiary hearing.
James 0. Birr, Jr., who appears to have had considerable business dealings with the *973 decedent, filed five complicated claims against the estate. In due course the personal representative filed objections to Birr’s claims. Thereafter, the personal representative filed a petition for leave to compromise and settle Birr’s claims against the estate. Jonathan Richards, a beneficiary of one-twelfth of the estate filed an affidavit opposing the proposed compromise and settlement.
In time a hearing was conducted upon the petition to settle and compromise. Birr was not present. Jonathan Richards was present and objected. No evidence was presented. The court entertained and considered the argument of counsel.
Section 733.708, Florida Statutes (1985), the statute concerning compromise, provides:
When a proposal is made to compromise any claim, whether in suit or not, by or against the estate of a decedent or to compromise any question concerning the distribution of a decedent’s estate, the court may enter an order authorizing the compromise if satisfied that the compromise will be for the best interest of the beneficiaries. The order shall relieve the personal representative of liability or responsibility for the compromise. Claims against the estate may not be compromised until after the time for filing objections to claims has expired. Notice must be given to those who have filed objection to the claim proposed to be compromised.
Of course, argument of counsel is not evidence. Gatlin v. Jacobs Construction Company, 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla.1969).
I would construe section 733.708, Florida Statutes (1985), as requiring an evidentiary hearing, particularly where, as here, the facts and issues concerning the claim are complicated and where the personal representative had earlier objected and where one of the beneficiaries actively opposes the petition. How else can the court be satisfied that the proposed compromise will be for the best interests of the beneficiaries? This is especially true when the order of approval shall operate to relieve the personal representative of liability or responsibility for the compromise. To hold otherwise would be to invite error and possible overreaching or favoritism.
I would reverse upon authority of In re: Estate of Collin, 279 So.2d 48 (Fla. 4th DCA 1973); Taylor v. Hopkins, 472 So.2d 1355 (Fla. 5th DCA 1985), and remand for a proper evidentiary hearing.