ALLEN, Judge.
The appellants challenge an order of the trial court permitting the personal representative to sell certain real property. Because the requirements of section 733.613(1), Florida Statutes (1991), were not satisfied, and because the trial court did not make necessary findings of fact, we reverse.
The decedent’s will contains neither a general power to sell assets nor , a specific power to sell real property of the estate, and thus the personal representative was required to comply with the dictates of section 733.-613(1), which provides:
When a personal representative of a decedent dying intestate, or whose testator has not conferred upon him a power of sale or whose testator has granted a power of sale but his power is so limited by the will or by operation of law that it cannot be conveniently exercised, shall consider that it is for the best interest of the estate and of those interested in it that real property be sold, the personal representative may sell it at public or private sale. No title shall pass until the sale is authorized or confirmed by the court. Petition for authorization or confirmation of sale shall set forth the reasons for the sale, a description of the property sold or to be sold, and the price and terms of the sale. Except when interested persons have joined in the petition for sale of real property or have consented to the sale, notice of the petition shall be given. No bona fide purchaser shall be required to examine any proceedings before the order of sale.
(Emphasis added). In addition, when a personal representative petitions for court approval of a sale, the court is required to “make a factual determination upon such evidence as may be presented, as to whether the proposed sale is necessary and in the best interest of the estate.” In re Estate of Collin, 279 So.2d 48, 49 (Fla. 4th DCA 1973).
Contrary to the requirements of the statute, the personal representative’s motion did not specify “a description of the property sold or to be sold, and the price and terms of the sale.” Furthermore, the trial court did not make any determination that the sale was either necessary or in the best interest of the estate. Accordingly, the order under review is reversed.
BOOTH and WEBSTER, JJ., concur.