2015 ND 110

**In the Matter of the ESTATE OF Jeanne H. JOHNSON, Deceased**

**Sandra Mark, as Personal Representative of the Estate of Jeanne H. Johnson, Petitioner and Appellee**

v.

**Scott Johnson, Steven D. Johnson, Respondents and Appellants**

and

**Stuart Johnson, Respondent and Appellee.**

No. 20140173.

Supreme Court of North Dakota.

May 1, 2015.

Christopher M. McShane, West Fargo, N.D., for petitioner and appellee.

David A. Garaas, Fargo, N.D., for respondents and appellants.

Michael L. Gust, Fargo, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1]   Scott and Steven Johnson appeal from a judgment denying their application for an order directing distribution of farmland to them and restraining Sandra Mark, as personal representative of Jeanne Johnson's estate, from selling the farmland to Stuart Johnson. The estate argues the appeal is moot because the farmland has been sold. We conclude the appeal is not moot and the evidence is insufficient to support the district court's finding that Mark was acting reasonably for the benefit of the interested persons. We reverse and remand for further proceedings.

I

[¶ 2]   Jeanne Johnson died in June 2010. Her survivors included her children, Sandra Mark, Stuart Johnson, and Steven Johnson, and her grandson, Scott Johnson. Her will was admitted to informal probate, and Mark was appointed personal representative of the estate in August 2010. Under Jeanne Johnson's will, her residuary estate was devised to Stuart Johnson, Mark and Scott Johnson.

[¶ 3]   Jeanne Johnson's residuary estate included a quarter section of land in Cass County, consisting of farmland and a nine-acre farmstead. Before his mother died, Stuart Johnson leased the farmland from her under a one-year agreement executed in April 2010. In October 2010, Stuart Johnson and Mark, as personal representative of the estate, entered into a "Self-Renewing Farm Cash Rent Contract with Unbreakable Option to Purchase" for the farmland. Under the contract, Stuart Johnson agreed to pay $9,350 yearly in cash rent, and he had the option to purchase the farmland for the appraised value of $248,222. The contract stated it would terminate on the closing date of the sale to Stuart Johnson, at which time the estate would provide marketable title.

[¶ 4]   In November 2010, Steven Johnson filed a claim against the estate asserting he owned the quarter section of land under a contract for deed with Jeanne Johnson. After Mark denied the claim, Steven Johnson sued for specific performance of the contract for deed and delivery of a personal representative's deed to the property. The district court dismissed Steven Johnson's action for specific performance, and this Court affirmed in *Johnson v. Mark*, 2013 ND 128, 834 N.W.2d 291.

[¶ 5]   In August 2013, Steven Johnson and his son, Scott Johnson, applied to the district court for an order requiring Mark to distribute to them a one-third interest in the farmland portion of the quarter section of land and an order restraining Mark from selling the farmland to Stuart Johnson. After two hearings, the district court entered a judgment denying Scott

and Steven Johnson's application to restrain Mark from selling the farmland to Stuart Johnson. The court concluded Mark, as personal representative, had the power under state law to sell the estate's real property if acting reasonably for the benefit of interested persons. The court found the October 2010 agreement between Mark and Stuart Johnson was valid and provided Stuart Johnson the right to purchase the farmland. The court also found that in entering the agreement, Mark was acting for the benefit of all interested persons. In May 2014, Mark conveyed the farmland to Stuart Johnson by a personal representative's deed.

## II

[¶ 6] Mark moved to dismiss the appeal, claiming the farmland has been sold to Stuart Johnson and the appeal is moot. This Court "will dismiss an appeal as moot if the issues become academic and there is no actual controversy left to be determined." *In re Estate of Shubert*, 2013 ND 215, ¶ 12, 839 N.W.2d 811. "No actual controversy exists if subsequent events make it impossible ... to provide effective relief." *Id.*

[¶ 7] Mark argues this case is analogous to *Shubert*, requiring a dismissal of the appeal. In *Shubert*, the personal representative of three estates executed a purchase agreement to sell some of the estates' farmland to three individuals who were not heirs of the estates or otherwise involved in the probate proceedings. 2013 ND 215, ¶ 3, 839 N.W.2d 811. After an heir objected to the proposed sale, the personal representative petitioned the district court for approval of the sale. *Id.* at ¶ 4. The court approved the sale, and a personal representative's deed was issued to the purchasers. *Id.* at ¶ 5. The appellants appealed the order approving the land sale but did not seek a stay of the

order pending appeal. *Id.* We affirmed, concluding the appellants' failure to obtain a stay pending appeal of the district court's order approving the sale rendered the issues raised on appeal about the sale moot. *Id.* at ¶ 21. The completed sale to non-interested third persons and the absence of a stay from the district court or this Court left this Court unable to provide relief from the order approving the land sale. *Id.* at ¶ 19.

[¶ 8] *Shubert* is factually distinguishable from this case. *Shubert* involved a purchase agreement for the sale of real property between a personal representative and third-party purchasers. In approving the sale, the district court in *Shubert* found the transaction was at arm's length, the purchasers had no interest or involvement in the probate proceedings and no fraud or collusion existed between the personal representative and the purchasers. 2013 ND 215, ¶ 5, 839 N.W.2d 811. In short, the purchasers were good-faith purchasers for value. As good-faith purchasers, the third parties in *Shubert* were protected by statute in purchasing the real property from the personal representative. Under N.D.C.C. § 30.1–18–14, "[a] person who in good faith ... deals with the personal representative for value is protected as if the personal representative properly exercised the personal representative's power." *See also Green v. Gustafson*, 482 N.W.2d 842, 845 (N.D. 1992); *Boe v. Rose*, 1998 ND 29, ¶ 8, 574 N.W.2d 834.

[¶ 9] When the notice of appeal was filed in *Shubert*, jurisdiction was transferred from the district court to this Court. *See Datz v. Dosch*, 2014 ND 102, ¶ 8, 846 N.W.2d 724 (in general, upon filing notice of appeal, the district court loses jurisdiction, and the jurisdiction of the Supreme Court attaches). After completion of the sale to the uninterested third parties, this

Court lacked jurisdiction over the property and was unable to provide any relief when a stay from the order approving the sale was not sought. *Shubert*, 2013 ND 215, ¶ 19, 839 N.W.2d 811.

[¶ 10] The factual scenario in *Shubert* is not present in this case. Here, the proposed sale of real property was to Stuart Johnson, a devisee of Jeanne Johnson. As a devisee, Stuart Johnson is an "interested person" under N.D.C.C. § 30.1–01–06(25), not an uninterested third party like the purchasers in *Shubert*. Stuart Johnson was served with notice of the probate and filed a notice of appearance with the district court. Due to his involvement in the probate proceedings, Stuart Johnson cannot claim to be a good-faith purchaser entitled to protection under N.D.C.C. § 30.1–18–14. Because he is an interested person involved in the probate proceedings and not an uninterested third party, the conveyance of the farmland to him after the district court issued its order did not deprive this Court of jurisdiction over the farmland. We conclude Scott and Steven Johnson's appeal is not moot.

### III

[¶ 11] Scott and Steven Johnson argue the district court erred in denying their application for an order restricting Mark from selling the farmland to Stuart Johnson. Scott and Steven Johnson argue a personal representative's power over real property is limited because real property devolves to a decedent's heirs or devisees immediately upon death. They argue that upon Jeanne Johnson's death, Scott Johnson, Mark, and Stuart Johnson, as residuary devisees under the will, became immediate tenants in common of the farmland subject only to Mark's right of possession for purposes of administration. They argue Mark exceeded her statutory powers when she and Stuart Johnson entered into the October 2010 lease agreement with an option to purchase the farmland.

[¶ 12] Scott and Steven Johnson's arguments are interrelated, and addressing them requires examination of several portions of the Uniform Probate Code, codified in Title 30.1 of the North Dakota Century Code. Statutory interpretation is a question of law, fully reviewable on appeal. *Sorenson v. Felton*, 2011 ND 33, ¶ 8, 793 N.W.2d 799. Statutes are interpreted as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. Statutory provisions that are part of uniform statutes are construed to effectuate their general purpose to make uniform the law of those states enacting them. N.D.C.C. § 1–02–13.

[¶ 13] Section 30.1–12–01, N.D.C.C. (U.P.C. § 3–101), states in relevant part:

"The power of a person to leave property by will, and the rights of creditors, devisees, and heirs to the person's property, are subject to the restrictions and limitations contained in this title to facilitate the prompt settlement of estates. Upon the death of a person, the decedent's real ... property devolves to the persons to whom it is devised by the decedent's last will ... subject to ... administration."

[¶ 14] A personal representative's powers and duties are contained in N.D.C.C. ch. 30.1–18. Under N.D.C.C. § 30.1–18–11 (U.P.C. § 3–711), a personal representative has broad powers over property of an estate:

"Until termination of the personal representative's appointment, a personal representative has the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors

and others interested in the estate. This power may be exercised without notice, hearing, or order of court."

*Boe,* 1998 ND 29, ¶ 7, 574 N.W.2d 834. The Editorial Board Comment to N.D.C.C. § 30.1–18–11 (U.P.C. § 3–711), states:

"The personal representative is given the broadest possible 'power over title'. He receives a 'power', rather than title, because the power concept eases the succession of assets which are not possessed by the personal representative.... The power over title of an absolute owner is conceived to embrace all possible transactions which might result in a conveyance or encumbrance of assets, or in a change of rights of possession. The relationship of the personal representative to the estate is that of a trustee."

Professor Wellman explains U.P.C. § 3–711 as follows:

"In general, the power[s] of a personal representative [PR] are said to be those that an absolute owner would have, subject only to the trust to exercise the power for the benefit of creditors and others interested in the estate. This general power and any power specifically conferred upon him may be exercised without notice, hearing, or court order. Since the PR has a 'power over the title' rather than 'title', no gap in title will result if the PR does not exercise his power during the administration. The title of the heir or devisee, however, is 'subject to administration'; hence, it remains encumbered so long as the estate is in administration or is subject to further administration."

1 Richard V. Wellman, *Uniform Probate Code Practice Manual* 317–18 (2d ed.1977).

[¶ 15] Under N.D.C.C. § 30.1–18–09 (U.P.C. § 3–709), a personal representative has a right to take possession of the decedent's property for purposes of administration, and a "personal representative's decision to take possession of estate property is conclusive against the heirs and devisees." *In re Estate of Hass,* 2002 ND 82, ¶ 13, 643 N.W.2d 713. The Editorial Board Comment to N.D.C.C. § 30.1–18–09 (U.P.C. § 3–709), states:

"Section 30.1–12–01 provides for the devolution of title on death. Section 30.1–18–[11] defines the status of the personal representative with reference to 'title' and 'power' in a way that should make it unnecessary to discuss the 'title' to decedent's assets which his personal representative acquires. This section deals with the personal representative's duty and right to possess assets. It proceeds from the assumption that it is desirable whenever possible to avoid disruption of possession of the decedent's assets by his devisees or heirs. But, if the personal representative decides that possession of an asset is necessary or desirable for purposes of administration, his judgment is made conclusive in any action for possession that he may need to institute against an heir or devisee. It may be possible for an heir or devisee to question the judgment of the personal representative in later action for surcharge for breach of fiduciary duty, but this possibility should not interfere with the personal representative's administrative authority as it relates to possession of the estate."

As further noted by Professor Wellman:

"The Code provides in Section 3–101 for devolution of title upon death to the successors. This devolution is expressly stated to be 'subject to ... administration' and the right to possession and control of the decedent's property in administered estates is vested in the PR by Section 3–709. Thus, 'title' and 'pow-

er to possess and control' are to be distinguished."

1 Wellman, *supra*, 316.

[¶ 16] Section 30.1–18–15, N.D.C.C. (U.P.C. § 3–715), authorizes a personal representative, acting reasonably for the benefit of the interested persons, to enter into numerous transactions on behalf of the estate. Under the statute, a personal representative may "dispose of an asset, including land in this or another state, for cash or on credit, at public or private sale"; "[e]nter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term within or extending beyond the period of administration"; or "[s]ell, mortgage, or lease any real or personal property of the estate or any interest therein for cash." N.D.C.C. § 30.1–18–15(6), (9), and (23); *Green v. Gustafson*, 482 N.W.2d 842, 845 (N.D. 1992). The Editorial Board Comment to N.D.C.C. § 30.1–18–15 (U.P.C. § 3–715), states, "The section requires that a personal representative act reasonably and for the benefit of the interested person."

[¶ 17] This Court has upheld a personal representative's sale of real estate under N.D.C.C. § 30.1–18–15. *See In re Estate of Hass*, 2002 ND 82, ¶¶ 14–15, 643 N.W.2d 713 (sale of farmland to current tenants for $10,000 less than appraised value was reasonable considering there would be no sales commissions, advertising fees or other expenses associated with the sale). This Court also has upheld decisions under prior law, requiring evidence that a sale is for the best interests of the estate and the persons interested in the property to be sold. *See* Section 8544a20, 1925 Supplement to the 1913 Compiled Laws of North Dakota; R.C. 1905 § 8134; *Skachenko v. Sweetman*, 77 N.D. 502, 506–07, 43 N.W.2d 683, 685 (1950) (sale approved where evidence showed sale was necessary to pay decedent's debts, the expenses of administration and other claims); *Dow v. Lillie*, 26 N.D. 512, 525–26, 144 N.W. 1082, 1086 (1914) (sale approved where evidence showed sale was necessary to pay decedent's debts in a foreign jurisdiction).

[¶ 18] Other jurisdictions with statutes similar to N.D.C.C. § 30.1–18–15 (U.P.C. § 3–715) have reviewed whether a personal representative's sale of real estate was reasonable. *See Matter of Estate of Booth*, 202 Neb. 6, 272 N.W.2d 915, 916 (1978) (sale upheld where evidence showed sale was necessary to pay costs of administration); *In re Estate of Corbin*, 637 So.2d 51, 52 (Fla.Dist.Ct.App.1994) (order permitting sale reversed where trial court failed to determine whether the sale was necessary or in the best interest of the estate).

[¶ 19] As stated by Professor Wellman and the Editorial Board Comments, N.D.C.C. §§ 30.1–12–01, 30.1–18–09, and 30.1–18–11 are interrelated. Taken together, title to property passes to a decedent's heirs or devisees at death, subject to a personal representative's broad powers over the title for administration purposes. Section 30.1–18–15, N.D.C.C., and the cases discussing that statute and similar statutes, allows a personal representative to lease and sell estate property if acting reasonably for the benefit of the interested persons. We conclude Mark, as personal representative of Jeanne Johnson's estate, had the statutory authority to retain the farmland in the estate for administration purposes. We also conclude she had the power to lease and subsequently sell the farmland to Stuart Johnson so long as she was acting reasonably for the benefit of the interested persons, Mark, Scott Johnson, and Stuart Johnson, as residuary devisees under Jeanne Johnson's will.

[¶ 20] The district court found Mark, when entering into the October 2010

lease agreement with option to purchase, was acting for the benefit of all interested persons. Our standard of review of findings of fact in probate proceedings is well-established:

"We review factual findings in a probate proceeding under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made. Under N.D.R.Civ.P. 52(a)(1), in an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately. A district court must make findings of fact and conclusions of law that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law."

*In re Estate of Wicklund,* 2012 ND 29, ¶ 22, 812 N.W.2d 359 (internal citations and quotations marks omitted). "Findings of fact are adequate if they provide this Court with an understanding of the district court's factual basis used in reaching its determination." *State v. Bergstrom,* 2006 ND 45, ¶ 15, 710 N.W.2d 407.

[¶ 21] The district court found Mark acted reasonably for the benefit of the interested persons, but it did not explain the bare finding. The court did not cite any testimony or other evidence supporting the finding that Mark was acting reasonably for the benefit of the interested persons when she and Stuart Johnson entered into the October 2010 lease agreement with the option to purchase the farmland. Mark's attorney argued the sale of the farmland was necessary to pay over $70,000 in administration costs and attorney fees. That argument, however, is not supported by any evidence or testimony from Mark. Although Mark may have been acting reasonably when she leased the farmland, an income-producing asset of the estate, we will not speculate on the rationale for the district court's finding. Without sufficient analysis or supporting evidence, we are unable to understand the rationale used in finding Mark was acting reasonably for the benefit of the interested persons and conclude the district court's finding is clearly erroneous. We reverse the district court's judgment and remand for further proceedings on whether Mark was acting reasonably for the benefit of the interested persons.

[¶ 22] On remand, the district court must make further findings or provide a more detailed explanation of its determination that Mark was acting reasonably for the benefit of the interested persons. In doing so, the court may receive further evidence or testimony from Mark regarding the October 2010 lease and subsequent sale of the farmland to Stuart Johnson.

IV

[¶ 23] We have considered Scott and Steven Johnson's remaining arguments and conclude they are either unnecessary to our decision or without merit. The district court judgment is reversed and remanded for proceedings consistent with this opinion.

[¶ 24] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., and BENNY A. GRAFF, S.J., concur.

[¶ 25] The Honorable BENNY A. GRAFF, S.J., sitting in place of McEVERS, J., disqualified.