2017 ND 162

**In the MATTER OF the ESTATE OF Jeanne H. JOHNSON, Deceased**

**Sandra Mark, as Personal Representative of the Estate of Jeanne H. Johnson, Petitioner and Appellee**

v.

**Scott Johnson and Steven D. Johnson, Respondents and Appellants**

and

**Stuart Johnson, Respondent and Appellee**

No. 20160374

Supreme Court of North Dakota.

Filed 7/6/2017

Rehearing Denied Aug. 29, 2017

Stephen R. Hanson II (argued) and Christopher M. McShane (appeared), West Fargo, N.D., for petitioner and appellee.

David A. Garaas, Fargo, N.D., for respondents and appellants.

Michael L. Gust, Fargo, N.D., for respondent and appellee.

Tufte, Justice.

[¶ 1] Scott and Steven Johnson appeal from a district court judgment denying their application to restrain Sandra Mark, personal representative of Jeanne Johnson's estate, from selling farmland. They also appeal from an order approving the estate's final report and account and payment of personal representative fees and attorney's fees from the estate. We affirm.

I

[¶ 2] Jeanne Johnson died in June 2010. She was survived by her children, Sandra Mark, Stuart Johnson, and Steven Johnson, and her grandson, Scott Johnson. Mark was appointed personal representative of the estate. Under Jeanne Johnson's will, her residuary estate was devised to Mark, Stuart Johnson, and Scott Johnson.

[¶ 3] Jeanne Johnson's residuary estate included farmland in Cass County. Stuart Johnson leased and farmed the land under a one-year agreement executed in April 2010. The lease agreement included an option to purchase the farmland if Jeanne Johnson died on or before December 31, 2010. The option had to be exercised within three months after Jeanne Johnson's death, or sixty days after the appointment of a personal representative to Johnson's estate, whichever occurred later. Stuart Johnson timely exercised his option to purchase the farmland after Mark was appointed personal representative of Jeanne Johnson's estate.

[¶ 4] In October 2010, Stuart Johnson and Mark, as personal representative of the estate, entered into a "Self–Renewing Farm Cash Rent Contract with Unbreakable Option to Purchase" for the farmland. The agreement required Stuart Johnson to pay yearly cash rent of $9,350 and provided Stuart a non-expiring option to purchase the farmland for the appraised price of $248,200.

[¶ 5] In November 2010, Steven Johnson filed a claim against the estate asserting he owned the farmland under a contract for deed with Jeanne Johnson. Mark denied the claim, and Steven Johnson sued for specific performance of the contract for deed. The district court dismissed Steven Johnson's action for specific performance, and this Court affirmed in *Johnson v. Mark*, 2013 ND 128, 834 N.W.2d 291.

[¶ 6] In August 2013, Steven and Scott Johnson applied to the district court for an order restraining Mark from selling the land to Stuart Johnson. The court denied their application, concluding state law authorized Mark to sell the farmland if acting reasonably for the benefit of the interested persons. The court found that in entering the October 2010 lease agreement with Stuart Johnson, Mark acted reasonably for the benefit of all interested persons, the residuary devisees under Jeanne Johnson's will. After the court denied Steven and Scott Johnson's application, Mark conveyed the farmland to Stuart Johnson by a personal representative's deed in May 2014. Scott and Steven Johnson appealed, and this Court reversed for further proceedings on whether Mark acted reasonably for the benefit of the interested persons when she entered into the agreement with Stuart Johnson. *Estate of Johnson*, 2015 ND 110, 863 N.W.2d 215.

[¶ 7] On remand, the district court heard additional testimony from Sandra Mark and Stuart Johnson and found Mark acted reasonably for the benefit of all interested persons when she entered into the October 2010 agreement to lease and sell the farmland to Stuart Johnson. Mark petitioned for approval of the estate's final report and account and for approval of $28,163.72 in personal representative fees and $119,324.97 in attorney's fees to be paid out of the estate. Scott and Steven Johnson objected to the final report and account and to the amount of fees. After a hearing, the court approved the final report and account and the payment of the personal representative fees and attorney's fees from the estate.

II

[¶ 8] Scott and Steven Johnson argue the district court erred in finding Mark acted reasonably when she entered

into the October 2010 lease agreement with Stuart Johnson.

[¶ 9] This Court reviews a district court's findings of fact under the clearly erroneous standard of review. *Adams v. Adams*, 2015 ND 112, ¶ 13, 863 N.W.2d 232. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Matter of C.D.G.E.*, 2017 ND 13, ¶ 6, 889 N.W.2d 863.

[¶ 10] Scott and Steven Johnson argue that because of Mark's substantial conflicts of interests, the district court should not have honored the personal representative's deed to Stuart Johnson or the October 2010 lease agreement with Stuart Johnson. In response, Sandra Mark and Stuart Johnson argue the law of the case doctrine bars many of the issues raised by Scott and Steven Johnson. We agree.

[¶ 11] "The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings." *Kortum v. Johnson*, 2010 ND 153, ¶ 9, 786 N.W.2d 702 (quoting *Frisk v. Frisk*, 2006 ND 165, ¶ 14, 719 N.W.2d 332). "Under the law of the case doctrine, '[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.'" *Kortum*, at ¶ 9 (quoting *State ex rel. Dep't of Labor v. Riemers*, 2010 ND 43, ¶ 11, 779 N.W.2d 649).

[¶ 12] In *Estate of Johnson*, 2015 ND 110, ¶ 19, 863 N.W.2d 215, this Court held North Dakota law authorized Mark "to lease and subsequently sell the farmland to Stuart Johnson so long as she was acting reasonably for the benefit of the interested persons, Mark, Scott Johnson, and Stuart Johnson, as residuary devisees under Jeanne Johnson's will." We remanded to the district court to "make further findings or provide a more detailed explanation of its determination that Mark was acting reasonably for the benefit of the interested persons." *Id.* at ¶ 22.

[¶ 13] Scott and Steven Johnson did not argue about Mark's substantial conflicts of interest in their first appeal. This argument appears to be related to their arguments in the first appeal regarding Mark's ability as personal representative to lease and sell the farmland. *See Johnson*, 2015 ND 110, ¶ 11, 863 N.W.2d 215. This Court resolved the issue regarding Mark's ability to lease and sell the farmland in the first appeal. Whether or not these arguments are distinct, Scott and Steven Johnson seek to litigate issues that were presented or could have been presented in their first appeal. We conclude this argument is barred by the law of the case doctrine.

[¶ 14] On remand, the district court received additional testimony from Sandra Mark and Stuart Johnson about the October 2010 agreement to lease and sell the farmland to Stuart Johnson. Mark testified the agreement would ensure the farmland stayed in the family. She also testified she wanted to avoid potential lawsuits with Stuart Johnson and Steven Johnson. Stuart Johnson testified that because the April 2010 lease agreement was for one year, the new agreement allowed him to continue farming the land. He testified the option to purchase remained in the new agreement in case the earlier option he had exercised expired because the estate could not convey clear title. Sandra Mark and Stuart Johnson both testified that at the time they executed the October 2010 agreement, they were aware Steven Johnson might claim an interest in the farmland. Stuart Johnson testified he would

have sued the estate to enforce the earlier option he exercised to purchase the farmland.

[¶ 15] After the hearing the district court found Mark acted reasonably when she entered into the October 2010 lease agreement with Stuart Johnson:

Sandra credibly testified that the prime reason she entered into the October 26, 2010 Option Agreement with Stuart was to avoid the lawsuit against the estate by Stuart and possibly Steven. Furthermore, at this time, there was little money in the estate. Stuart, in fact, had paid for his mother's care toward the end of her life, and paid the funeral expenses. Furthermore, when Steven had rented the property, he had not paid the real estate taxes. The estate would be responsible for these debts. Sandra credibly testified that this option with Stuart would put some certainty in the estate.

Therefore, the Court finds that Sandra was acting reasonably for the benefit of the interested persons.

[¶ 16] The district court followed this Court's directions on remand by receiving additional testimony and making additional findings within the intended scope of the remand. We conclude the court did not clearly err in finding that Mark acted reasonably for the benefit of the interested persons, Scott Johnson, Stuart Johnson, and Mark, as residuary devisees under Jeanne Johnson's will. The evidence supports the finding, and we are not left with a definite and firm conviction a mistake has been made.

### III

[¶ 17] Scott and Steven Johnson argue the district court abused its discretion in approving the estate's final report and account. They also argue the court erred in approving the payment of Mark's personal representative fees and attorney's fees from the estate.

[¶ 18] This Court reviews a district court's decision to approve a final report and accounting under an abuse of discretion standard. *Estate of Haugen*, 2011 ND 28, ¶ 15, 794 N.W.2d 448. A court's award of personal representative fees and attorney's fees are also reviewed under the abuse of discretion standard. *Estate of Hogen*, 2015 ND 125, ¶¶ 48, 50, 863 N.W.2d 876. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned decision. *Id.* at ¶ 45.

[¶ 19] Under N.D.C.C. § 30.1–18–19, a personal representative is entitled to reasonable compensation for services rendered to an estate. The district court ordered $28,163.72 in personal representative fees be paid to Mark out of the estate:

The Personal Representative seeks $28,163.72 in fees. Here, the Personal Representative over the 6 years this estate has been open participated in numerous court hearings. The Personal Representative also prepared property for sale and performed the routine responsibilities of a personal representative, including organizing the Estate. The fees requested are approximately $400.00 per month. The Court concludes the personal representative fees are reasonable.

[¶ 20] Under N.D.C.C. § 30.1–18–20, a personal representative is entitled to receive from the estate reasonable attorney's fees for estate litigation prosecuted in good faith. "A personal representative's actions must be in good faith and for the

benefit of the estate." *Hogen*, 2015 ND 125, ¶ 50, 863 N.W.2d 876.

[¶ 21] The district court ordered $119,324.97 in attorney's fees be paid out of the estate, concluding the fees were reasonable:

> Scott and Steven also challenged the attorney fees, in that the fees benefited Stuart Larson [sic] and not the Estate. The Court disagrees. All these fees were incurred by reason of Scott and Steven's assertions that he [Steven] possessed an option to purchase the real estate and that Stuart did not have that option. The Estate had an interest to protect in those lawsuits. As stated, during Decedent's lifetime she gave Stuart an option to purchase the property. If the Estate refused to honor that, it could face a lawsuit by Stuart.
>
> Steven and Scott also argue that the Ohnstad Twichell Firm had a conflict of interest that prevents it from collecting a fee. This matter, however, has already been litigated in that this Court refused to disqualify the firm, which was not challenged on appeal. *See, Johnson v. Mark*, 2013 ND 128, ¶ 7 [, 834 N.W.2d 291].
>
> The Court finds that the attorney's fees being sought, $28,578.16 already paid and $119,324.97 to be paid out of the Estate, are reasonable.

The court's order also indicated the estate's attorneys were willing to waive approximately $60,000 in fees.

[¶ 22] Many of Scott and Steven Johnson's arguments regarding the final report and account and the payment of fees relate to their allegation that Mark breached her fiduciary duties in selling the farmland to Stuart Johnson. This Court held Mark had the power to sell the farmland. *Johnson*, 2015 ND 110, ¶ 19, 863 N.W.2d 215. After reviewing the entire record, and considering how long the estate has been open and the amount of litigation involved, we conclude the district court's decision approving the final report and account and approving the personal representative fees and attorney's fees was not arbitrary, capricious, or unreasonable. The court did not abuse its discretion in approving payment of the personal representative fees and attorney's fees from the estate.

## IV

[¶ 23] We have considered Scott and Steven Johnson's remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment and order are affirmed.

[¶ 24] Jerod E. Tufte

Daniel J. Crothers

Carol Ronning Kapsner

Stacy J. Louser, D.J.

I concur in the result.

Gerald W. VandeWalle, C.J.

[¶ 25] The Honorable Stacy J. Louser, District Judge, sitting in place of McEvers, J., disqualified.