# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 13

In the Matter of the Estate of Skip Beach, a/k/a Skip Tracy Beach, Deceased

| | |
|---|---|
| Monte Beach and Dell T. Beach, | |
| Co-Personal Representatives, | Petitioners and Appellees |
| v. | |
| Tracy Burris, Trudy Dunn, Tina Lantz, | |
| Terrel Beach, Murril Beach, | Respondents |
| and | |
| Clark Beach, | Respondent and Appellant |

## No. 20210077

Appeal from the District Court of Golden Valley County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Ronald S. Efta, Wibaux, MT, for petitioners and appellees.

Aaron W. Roseland, Hettinger, ND, for respondent and appellant.

**VandeWalle, Justice.**

[¶1]   Clark Beach appealed from a district court order denying his petition for formal probate of a holographic will. Clark Beach argues the district court erred in finding the material portions of the holographic will were not in the testator's handwriting. We affirm the order denying the petition for formal probate.

I

[¶2]   Clark Beach is the brother of Skip Beach ("decedent") who died on July 8, 2020 at 59 years old. The decedent was domiciled in Golden Valley County, North Dakota. He was survived by seven siblings and one daughter.

[¶3]   In July 2020, the estate of the decedent was submitted to informal probate and co-personal representatives were appointed. In September 2020, Clark Beach filed a petition for formal probate of a holographic will. The purported holographic will reads:

> My Last Will and Testament
> Skip Beach
> I leave to Clark Beach
> Everything I own
> P.S. Bury me in Carlyle
> 4-8-04

[¶4]   In November 2020, a hearing on the petition was held. At the hearing, Clark Beach presented testimony from seven witnesses. Many of them testified that the signature and all portions of the document were in the decedent's handwriting. The purported holographic will was marked as exhibit 1. In admitting the exhibit:

> Mr. Roseland: At this time, Your Honor, we seek to admit what's been previously marked as Exhibit 1 for the purposes of not proving it as a will, but just as a piece of evidence on its own.
>  . . .

The Court: Any objection?
Mr. Efta: No.
The Court: All right. Exhibit 1 is received.

[¶5] The district court requested the parties submit written closing arguments on the issue. The court entered its order denying the petition for formal probate of the holographic will. The court found the signature "Skip Beach" on the proposed holographic will was the decedent's signature based on the evidence. The court held the clause "Everything I own" was a material portion and was not in the decedent's handwriting. The court reasoned that the clause appeared to have been written in different ink, was lighter in appearance, and was slanted different than the rest of the document. Additionally, the court found the clause was smaller in text and was written in only printed letters while other portions of the document use a mix of cursive and printed letters. The court stated the testimony given by Clark Beach, his siblings, and others did not change the court's finding and stated "[n]one of these individuals are handwriting experts, and none of them ever saw this purported will before Skip's death." The court was not convinced that the material clause "Everything I own" was in the decedent's handwriting and held that Clark Beach failed to meet his burden of proof that a material portion of the document was in the testator's handwriting as required by law.

II

[¶6] Clark Beach argues the district court erred in denying his petition for formal probate of the holographic will. He contends the district court erred in finding the material portions of the holographic will were not in the testator's handwriting.

[¶7] The standard of review of findings of fact in probate proceedings is clear:

> We review factual findings in a probate proceeding under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made. Under N.D.R.Civ.P. 52(a)(1),

2

in an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately. A district court must make findings of fact and conclusions of law that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law.

*Estate of Johnson*, 2015 ND 110, ¶ 20, 863 N.W.2d 215 (quoting *Estate of Wicklund*, 2012 ND 29, ¶ 22, 812 N.W.2d 359) (quotation marks omitted). "Under N.D.R.Civ.P. 52(a), we do not reweigh conflicting evidence, and we give deference to the district court's opportunity to judge the credibility of the witnesses." *Estate of Blikre*, 2019 ND 257, ¶ 22, 934 N.W.2d 867 (citing *Estate of Clemetson*, 2012 ND 28, ¶ 11, 812 N.W.2d 388).

[¶8] "Proponents of a will have the burden of establishing prima facie proof of due execution in all cases[.]" N.D.C.C. § 30.1-15-07. "To be 'duly executed,' a will must comply with the statutory requirements for execution." *Estate of Wagner*, 551 N.W.2d 292, 295 (N.D. 1996). The requirements for execution are found in N.D.C.C. § 30.1-08-02. A holographic will is valid if "the signature and material portions of the document are in the testator's handwriting." N.D.C.C. § 30.1-08-02(2). Material portions of a holographic will express donative and testamentary intent. *Estate of Krueger*, 529 N.W.2d 151, 154 (N.D. 1995). "Parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof." N.D.C.C. § 30.1-15-07.

[¶9] Clark Beach contends the district court erred in finding the material portions of the holographic will were not in the decedent's handwriting. He argues the court cannot arbitrarily create a new steeper evidentiary standard by requiring a handwriting expert because the handwriting in this case was properly authenticated under N.D.R.Ev. 901.

[¶10] To authenticate evidence under N.D.R.Ev. 901(a), the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Rule 901(a), N.D.R.Ev., treats authentication as a matter of conditional relevance to be decided under N.D.R.Ev. 104(b). *R & D Amusement Corp. v. Christianson*, 392 N.W.2d 385, 386 (N.D. 1986). If the

3

court decides sufficient proof has been introduced to allow a finding the document is authentic, Rule 901(a) is satisfied and the question of weight is for the trier of fact. *Id.* Here, the district court judge was also the trier of fact.

[¶11] The purported holographic will was admitted "for the purposes of not proving it as a will, but just as a piece of evidence on its own." Clark Beach misinterprets Rule 901 as if it requires a finding from the evidence. He argues that the witnesses testified that all the writing on the purported holographic will was the genuine, true, and authentic handwriting of the decedent and that once that fact was established, the requirements of N.D.C.C. § 30.1-08-02 were met. He argues no contradictory testimony was offered by the personal representatives or their witnesses. However, "[t]estimony may be uncontradicted, but not credible." *Clemetson*, 2012 ND 28, ¶ 19. "A trier of fact need not accept undisputed testimony." *Id.* Clark Beach not only had the initial burden of proof to show due execution of the purported holographic will, but he also had the burden of persuasion under N.D.C.C. § 30.1-15-07.

[¶12] The district court in this case properly weighed the competing testimony and evidence and, on the record, has support for its findings. The court found that the clause "Everything I own" was a material portion and reasoned that without this clause, the document does not express a donative and testamentary intent. Additionally, the court held the clause was not in the decedent's handwriting. The court reasoned that the clause appeared to have been written in different ink, was lighter in appearance, and was slanted different than the rest of the document. The court found the clause was smaller in text and was written in only printed letters while other portions of the document use a mix of cursive and printed letters. The court stated the testimony given by Clark Beach, his siblings, and others did not change the court's finding and stated "[n]one of these individuals are handwriting experts, and none of them ever saw this purported will before Skip's death." The weakness of the witness testimony goes to credibility, not admissibility as Clark Beach argues. The court was not convinced based on the evidence and testimony that the material clause "Everything I own" was in the decedent's handwriting. The court held that Clark Beach failed to meet his burden of proof

4

that the material portions of the purported holographic will were in the testator's handwriting as required by law.

[¶13] We conclude the district court did not clearly err in finding that the material portions of the purported holographic will were not in the testator's handwriting. The court's finding was not induced by an erroneous view of the law, nor are we left with a definite and firm conviction a mistake has been made.

## III

[¶14] The order denying the petition for formal probate is affirmed.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte