# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 75

In the Matter of the Estate of Louis Lindbo, Deceased

| | |
|---|---|
| Johnny Beach, | Petitioner and Appellant |
| v. | |
| American Trust Center, Personal Representative, | Respondent and Appellee |
| and | |
| Lila Wannemacher; Lowell Lindbo; Leslie Lindbo; Laurie Beach; Lola Glass and Lillie Wolf, | Respondents |

## No. 20220326

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Thomas F. Murtha IV, Dickinson, ND, for petitioner and appellant.

Jordan L. Selinger, Dickinson, ND, for respondent and appellee.

# Estate of Lindbo
## No. 20220326

**Bahr, Justice.**

[¶1]   Johnny Beach, the former personal representative of the estate of Louis Lindbo, appeals from a district court order denying his motion for payment of personal representative fees. We conclude the court abused its discretion in denying the motion. We reverse in part and remand for further proceedings.

I

[¶2]   The decedent Louis Lindbo died in June 2016. Lindbo was not married and had no children. Johnathan Beach, aka Johnny Beach, the decedent's nephew, filed an application for informal probate with a handwritten will. Beach was appointed as personal representative.

[¶3]   In May 2019, the district court removed Beach as personal representative and appointed American Trust Center, now known as Bravera Wealth, as personal representative of the estate of Louis Lindbo. In January 2021, the court ordered Beach to reimburse the estate $124,386.89, and a judgment was subsequently entered against Beach for that amount.

[¶4]   In its January 2021 order, the district court held, among other things, Beach commingled estate assets, paid personal expenses rather than estate expenses from estate accounts, and made improper payments to his construction company, Blackfeather Construction. Recognizing Blackfeather Construction incurred costs cleaning up the estate property, the order allowed Beach forty-five days to submit "detailed documentation" to American Trust Center to prove Blackfeather Construction's expenses. The court stated it was "only allowing Beach the opportunity to prove the Black Feather [sic] Construction expenses." If, after reviewing Beach's documentation, American Trust Center approved the expense, Beach was to be given credit against the judgment the court awarded to the estate. If American Trust Center denied an expense as unreasonable or unproven, it was required to give Beach written notice and Beach was given seven days to request a hearing regarding whether the expense should be allowed.

1

[¶5] Referencing the relevant paragraph of the January 2021 order, Beach submitted to American Trust Center documentation of Blackfeather Construction's expenses. The documentation included invoices and monthly calendars with handwritten notations. By letter dated April 29, 2021, American Trust Center acknowledged receiving Beach's letter and documentation, approved $25,000 of the claimed expenses, and stated it would issue a partial satisfaction of judgment after the seven-day response period expires. Beach did not file a request for a hearing in the district court regarding the approved expenses. A partial satisfaction of judgment in the amount of $25,000 was filed in May 2021.

[¶6] In March 2022, American Trust Center filed in the district court a notice of proposed final distribution, final inventory and appraisal, and final accounting. In April 2022, Beach objected to the proposed distribution and moved for an order for the estate to compensate him for his services to the estate as personal representative and for the attorney's fees he incurred as personal representative. In support of his motion for personal representative fees, Beach provided an unsworn declaration, a Client Activity Report identifying the hours he purportedly worked as personal representative for the estate, and monthly calendars with handwritten notations. Beach alleged he was entitled to $150,052.50 in personal representative fees.

[¶7] American Trust Center opposed the motion. One of the heirs of the estate also objected to any further distribution of estate assets to Beach. In opposing the motion, American Trust Center argued the requested fees were unreasonable, Beach mismanaged the estate and should not be entitled to receive additional compensation for his mismanagement, and Beach was previously compensated for the same fees when he received the $25,000 credit. Beach replied claiming he had not received any compensation for his work as personal representative because the $25,000 credit compensated Blackfeather Construction for the work it did for the estate, not Beach for his services as personal representative.

[¶8] In July 2022, the district court entered an order denying Beach's motion for personal representative fees and partially granting his request for

2

attorney's fees. In September 2022, American Trust Center filed a notice of final distribution and personal representative's final accounting. Beach appealed.

## II

[¶9] Under N.D.C.C. § 30.1-18-19, "[a] personal representative is entitled to reasonable compensation for the personal representative's services." A district court's decision whether to award personal representative's fees will not be reversed on appeal absent a showing of abuse of discretion. *In re Estate of Sande*, 2020 ND 125, ¶ 37, 943 N.W.2d 826; *In re Estate of Peterson*, 1997 ND 48, ¶ 18, 561 N.W.2d 618. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; it misinterprets or misapplies the law; or its decision is not the product of a rational mental process leading to a reasoned determination. *Sande*, at ¶ 36.

[¶10] A district court's underlying findings of fact will be upheld unless clearly erroneous. *See Sande*, 2020 ND 125, ¶ 34; *Peterson*, 1997 ND 48, ¶ 18. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *In re Estate of Johnson*, 2017 ND 162, ¶ 9, 897 N.W.2d 921.

## III

[¶11] Beach argues the district court erred by finding he sought payment twice for the same hours and by not compensating him for any of his services as the former personal representative, contrary to N.D.C.C. § 30.1-18-19.

[¶12] In its July 2022 order, the district court acknowledged "[a] personal representative is entitled to reasonable compensation for the personal representative's services." The court then denied Beach's motion for personal representative fees, concluding he failed to provide any proof of the work he did as personal representative. The court discredited Beach's claimed personal representative time because the calendars submitted to support his claimed

3

hours were previously submitted to American Trust Center to support Blackfeather Construction's claimed expenses. The court explained:

> The Court agrees with Beach that his work as personal representative is distinct from Blackfeather Construction's work. However, because of this distinction, the Court finds Beach failed to provide the Court with any proof of his work as personal representative: *the summary of his hours for work done as personal representative are nearly identical to the time charts he submitted to the Estate when seeking payment for the work of Blackfeather Construction pursuant to the Court's January 29, 2021 order*. (Docket No. 342). Based upon the information submitted to the Estate, the Estate gave Beach a $25,000 credit for the work done by Blackfeather Construction. The Estate also gave Beach seven days to object to the amount credited. Beach failed to do so.
>
> Beach cannot seek payment twice for the same hours. Beach has presented the calendars with hours to be those of Blackfeather Construction. Therefore, the same hours cannot also be the work of Beach as personal representative. As such, the Court finds Beach has failed to provide any proof that he is entitled to personal representative fees. Submitting timesheets *previously accredited to Blackfeather Construction* does not prove Beach is also entitled to fees as personal representative.

(Emphasis added.)

[¶13] Beach contends he never submitted the handwritten calendars to be the work of Blackfeather Construction; rather, he submitted the calendars to American Trust Center to show the hours he performed as personal representative. Beach further argues he has not been compensated for the time he spent as personal representative because the $25,000 credit was given to compensate Blackfeather Construction for the work it did for the estate, not to compensate him for the time he spent as personal representative.

[¶14] American Trust Center responds the district court did not err by finding Beach sought payment twice for the same work. It claims Beach submitted the calendars purporting to be evidence of the work Beach performed through Blackfeather Construction on behalf of the estate. After review, American Trust Center determined Beach was entitled to $25,000 as compensation under

4

the January 2021 order. Because Beach did not object to the $25,000 compensation, American Trust Center asserts Beach was attempting to claim payment from the estate for the "same hours" under both Blackfeather Construction and in his role as personal representative. American Trust Center further contends the court did not err by awarding Beach $25,000 as compensation "for the work he performed as personal representative," arguing the $25,000 credit compensates Beach "for the work he performed while personal representative" regardless of whether that work was performed under the veil of his own construction company.

[¶15] In support of his motion for personal representative fees, Beach submitted an unsworn declaration, monthly calendars with handwritten notations of time and activities, and a Client Activity Report. Some of the invoices are from Total Control Inc., while others are from Blackfeather Construction. The Blackfeather Construction invoices appear to relate to usage of equipment (tractors, skid steers, dump trucks). The Total Control invoices appear to relate to travel time, landfill fees, and other expenses. A comparison of the Total Control invoices with the calendars indicates the travel times on the invoices do not correspond with the time recorded on the calendars. Beach's letter submitting the documentation provided no explanation of the invoices or calendars. At the district court and on appeal, Beach claimed the calendars show the number of hours he worked as personal representative for the estate. He does not explain why he submitted calendars purportedly showing the hours he worked as personal representative with the documentation submitted on behalf of Blackfeather Construction. To add to the confusion, American Trust Center's letter approving $25,000 worth of Blackfeather Construction's expenses does not explain what expenses were approved.

[¶16] In its order denying Beach's motion, the district court agreed Beach's work as personal representative was "distinct" from Blackfeather Construction's work. It then found Beach failed to provide "any proof" of his work as personal representative because his claimed hours for work done as personal representative were "nearly identical" to the calendars he submitted when seeking compensation for Blackfeather Construction's work. The court did not err in finding the calendars submitted by Beach when seeking

5

reimbursement for Blackfeather Construction and compensation as personal representative were "nearly identical." However, that documentation submitted for one purpose is "nearly identical" or even the same as documentation submitted for another purpose is not, in and of itself, grounds to discredit the documentation. That most or all of the hours recorded on the calendars were deemed by American Trust Center not to be compensable expenses of Blackfeather Construction does not necessarily mean the same hours could not constitute time Beach worked as personal representative. The court's order has no analysis indicating it reviewed the claimed hours to see if they were reasonable, actually performed, performed on behalf of the estate, or duplicative of expenses credited to Blackfeather Construction. In his unsworn declaration, Beach claimed he spent 2,308.50 hours working as personal representative. That, in conjunction with the monthly calendars with notations, is some evidence Beach performed personal representative services on behalf of the estate. Although the district court may reject that evidence, it may not do so simply because the submitted calendars were also submitted in support of Blackfeather Construction's separate and "distinct" request for compensation.

[¶17] American Trust Center argues the district court did not err by awarding Beach $25,000 as compensation for the work he performed as personal representative. This argument misstates the court's order denying Beach's motion. The court did not conclude any of the $25,000 compensated Beach for his work as personal representative. Rather, the court summarized Beach's argument, stating: "Beach alleges he has not received any compensation for his work as personal representative and the Estate has only paid Blackfeather Construction for the work it did for the Estate." The court then acknowledged Beach's work as personal representative is distinct from Blackfeather Construction's work. At no time did the court conclude Beach was compensated for his work as personal representative. Rather, it wrote: "Based upon the information submitted to the Estate, the Estate gave Beach a $25,000 credit for the work done by Blackfeather Construction."

[¶18] In addition to misstating the district court's order denying Beach's motion, American Trust Center's argument the $25,000 credit compensated

6

Beach for his work as personal representative is contrary to the court's January 2021 order. In the January 2021 order, the court stated it would be an injustice "to not allow Beach the opportunity to provide detailed documentation showing the costs his construction company, Black Feather [sic] Construction, incurred as a result of this cleanup." It then unequivocally stated it was "only allowing Beach the opportunity to prove the Black Feather [sic] Construction expenses." Thus, under the January 2021 order, American Trust Center only had authority to credit Beach for Blackfeather Construction's legitimate expenses. In response to the January 2021 order, Beach submitted to American Trust Center documentation in support of Blackfeather Construction's claimed legitimate expenses. The $25,000 approved by American Trust Center under the January 2021 order only credited Beach for Blackfeather Construction's legitimate expenses; it did not compensate Beach for any time he spent as personal representative.

[¶19] That Beach did not request a hearing within seven days to challenge the $25,000 expenses approved by American Trust Center has no bearing on his request for compensation as personal representative. Under the district court's order, the $25,000 only related to Blackfeather Construction's expenses. The court had not authorized Beach to request American Trust Center compensate him for time he spent as personal representative, and Beach's request was specifically made under the court's January 2021 order and, thus, limited to compensation for Blackfeather Construction's legitimate expenses.

[¶20] The district court did not deny Beach's motion for payment of personal representative fees on the ground it awarded Beach $25,000 as compensation for the work he performed as personal representative. Moreover, American Trust Center's argument the $25,000 credit to Beach for Blackfeather Construction's expenses was compensation for Beach's services as personal representative is contrary to the court's January 2021 order "only" allowing Beach to seek reimbursement for Blackfeather Construction's legitimate expenses. We reject American Trust Center's argument the order denying Beach's motion can be affirmed on this ground.

7

[¶21] On this record, we conclude the district court's finding of fact Beach "failed to provide any proof" he is entitled to personal representative fees is clearly erroneous. Beach did provide some proof. The court erred in rejecting the information submitted by Beach solely because it was "nearly identical" to information Beach submitted in support of Blackfeather Construction's separate and distinct request for compensation for its expenses. This conclusion in no way implies Beach is entitled to any compensation for any services he provided as personal representative. But it does require the court to consider whether Beach's claimed hours are reasonable, which may include whether the hours were actually worked, whether the hours were worked on behalf of the estate, and whether the hours are duplicative of expenses for which Blackfeather Construction was compensated.

[¶22] We reverse the part of the district court's order denying personal representative fees. We remand to the district court for further consideration of the documents supporting Beach's motion for personal representative fees and a determination whether he is entitled to reasonable compensation under N.D.C.C. § 30.1-18-19.

IV

[¶23] The district court order denying the former personal representative's motion for payment of personal representative fees is reversed in part, and the case is remanded for proceedings consistent with this opinion.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr