2017 ND 200

Ann FAHEY a/k/a Anne Fife, Timothy Fife, and Richard Dennis Fife, Plaintiffs and Appellants

v.

Joanne FIFE a/k/a Joanne Beatty as Personal Representative of the Estate of Richard A. Fife, Joanne Fife a/k/a Joanne Beatty, Marianne Fife, and all other persons unknown claiming any estate interest or lien or encumbrance upon, the real property described in the Complaint, whether as heirs, legatees, personal representatives, devisees, creditors or otherwise, Defendants

and

Joanne Fife a/k/a Joanne Beatty as Personal Representative of the Estate of

Richard A. Fife, Joanne Fife a/k/a Joanne Beatty, Appellee

No. 20160305

Supreme Court of North Dakota.

Filed 8/7/2017

Monte L. Rogneby (argued) and Briana L. Hildebrand (appeared), Bismarck, N.D., for plaintiffs and appellants.

Michelle Gibbens (argued) and J. Bruce Gibbens (on brief), Cando, N.D., for appellee.

Crothers, Justice.

[¶ 1] Anne Fahey, Timothy Fife and Richard D. Fife (Plaintiffs) appeal from a district court judgment in their action seeking cancellation of a quit claim deed from their deceased mother Marianne Fife to their deceased father Richard A. Fife relating to North Dakota minerals. The court rescinded the deed but concluded that under North Dakota's intestacy laws in effect at Marianne Fife's death, the minerals passed to Richard A. Fife. The court concluded Richard A. Fife's surviving spouse Joanne Fife owns the minerals. We affirm.

## I

[¶ 2] Marianne Fife owned a mineral interest in McKenzie County. She died without a will on December 16, 1989. Upon her death, Marianne Fife was an Idaho resident and was survived by her spouse, Richard A. Fife, and her three children, Anne Fahey, Timothy Fife, and Richard D. Fife. Richard A. Fife died in 1997, and was survived by his wife Joanne Fife.

[¶ 3] On December 4, 1989, while on home care services, Marianne Fife conveyed her mineral interest to her husband Richard Fife. She also conveyed her interest in the parties' Idaho home to Richard Fife on December 1, 1989.

[¶ 4] In 2011, Anne Fahey's aunt Carole Hill informed her about the circumstances surrounding Marianne Fife's December 4, 1989, conveyance of her mineral interest. Hill witnessed Richard Fife present a quit claim deed for Marianne Fife to sign, and Richard held Marianne's hand to help her sign her name on the deed. Hill believed Marianne Fife was not competent at the time to sign the deed, and was not informed as to what she was signing. Plaintiffs sued Joanne Fife, individually and as personal representative of Richard Fife's estate, claiming their mother lacked capacity to execute the deed because she was under medication to treat her pain. Plaintiffs also claimed their father exercised undue influence over their mother when she signed the deed. Plaintiffs requested the cancellation of the deed and sought an interest in the minerals.

[¶ 5] After a bench trial the district court concluded Marianne Fife lacked capacity to sign the deed for the minerals. The court also concluded she signed the deed as a result of Richard Fife's undue influence. The court rescinded the deed and returned the mineral interest to Marianne Fife's estate; however, the court concluded that under North Dakota's intestate

succession laws in effect when Marianne Fife died, her mineral interest passed to Richard Fife. The court quieted title to the mineral interest in Joanne Fife.

## II

[¶ 6] Plaintiffs argue the district court erred by failing to properly value their mother's estate. They argue the court should have valued all of her property wherever located, including the marital home and personal property in Idaho. They argue the value of their mother's intestate estate exceeded $50,000.

[¶ 7] When Marianne Fife died in 1989, North Dakota and Idaho intestacy laws provided the surviving spouse's intestate share of the decedent's estate was the first $50,000, plus one-half of the balance of the intestate estate if there are surviving children who are also children of the surviving spouse. N.D.C.C. § 30.1-04-02; I.C. § 15-2-102(a) (as to the decedent's separate property). Plaintiffs argue the value of all of Marianne Fife's North Dakota and Idaho property exceeded $50,000; therefore, they are entitled to one-half of the balance of her estate.

[¶ 8] Valuation of an estate's property is a finding of fact subject to the clearly erroneous standard of review. *Estate of Luken*, 551 N.W.2d 794, 798 (N.D. 1996). "A finding of fact is clearly erroneous if no evidence supports it, it is induced by an erroneous view of the law or after reviewing all the evidence we are left with a definite and firm conviction a mistake has been made." *Adams v. Adams*, 2016 ND 169, ¶ 6, 883 N.W.2d 864. We review the evidence in the light most favorable to the district court's findings, which are presumed to be correct. *Id.*

### A

[¶ 9] Plaintiffs argue the value of their parents' marital home in Idaho

should have been included in their mother's intestate estate. Although Marianne Fife conveyed her interest in the marital home to Richard Fife before her death, Plaintiffs argue their mother's estate owned a cause of action against their father. They argue the district court's findings and conclusions relating to Richard Fife's wrongful conduct underlying Marianne Fife's conveyance of the minerals also apply to her conveyance of the Idaho home. They argue the court should have considered the value of that cause of action, at least $33,000, as part of their mother's intestate estate. In response, Joanne Fife asserts the Plaintiffs failed to raise their "cause of action" argument pertaining to the Idaho home to the district court. We agree.

[¶ 10] The purpose of an appeal is well-established:

"The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal."

*Spratt v. MDU Res. Grp., Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328 (citations and quotation marks omitted).

[¶ 11] Plaintiffs' complaint sought an ownership interest in their mother's minerals through rescission of the December 4, 1989, quit claim deed from Marianne Fife to Richard Fife. The complaint made no mention of the Idaho home. At trial the Plaintiffs introduced evidence to show the value of the Idaho home as of December 16, 1989. In rebuttal Joanne Fife introduced the December 1, 1989, quit claim deed for the Idaho home to show Marianne Fife had no interest in the property when she died. Plaintiff Anne Fahey testified the Plaintiffs were seeking only an interest in the minerals:

"Q. You were also asked about Exhibit E, which is a Quit Claim Deed for the house. Are you asking in this case, to be awarded anything related to your parents' house in Idaho?

A. Oh, no.

Q. And is what is at issue in this case, just minerals in North Dakota?

A. That's right. We're here for that. For our—to represent our mother on behalf of that part of her estate."

The Plaintiffs' post-trial brief contains no argument relating to the Idaho home other than stating: "the house deed changes nothing, other than to depict that Richard's fraud extended beyond the Quitclaim Deed [for the minerals]." With regard to the deed for the Idaho home, the district court stated:

"Anne testified that her mother had an ownership interest in the home at the time of her death. [Joanne Fife's] Counsel offered Defendant's Exhibit E as rebuttal evidence in response to Anne's testimony to show that Marianne had deeded her interest in the marital home to Richard on December 1, 1989. Exhibit E is prime facie evidence that Marianne Fife had no ownership interest in the Idaho marital home at the time of her death. In response, the Plaintiffs offered no evidence to rebut the recorded deed, and made no attempt to otherwise prove that Marianne had an ownership interest

in the marital home at the time of her death."

(Emphasis added.) Because Plaintiffs did not argue to the district court that their mother's estate had a cause of action against their father relating to the conveyance of the Idaho home, we will not consider that argument on appeal.

## B

[¶ 12] Plaintiffs argue the district court erred in valuing their mother's intestate estate. They argue the court should have valued all of her Idaho personal property in calculating her intestate estate.

[¶ 13] When Marianne Fife died in 1989, N.D.C.C. § 30.1-04-02, relating to the intestate share of the surviving spouse, provided:

"The intestate share of the surviving spouse is:

. . .

"3. If there are surviving issue all of whom are issue of the surviving spouse also, the first fifty thousand dollars, plus one-half of the balance of the intestate estate."

[¶ 14] When Marianne Fife died, she owned real property in North Dakota and personal property in Idaho. Title 30.1, N.D.C.C., does not specifically address whether a decedent's intestate estate includes all property wherever located or only property located in this state. This Court has also not addressed the issue.

[¶ 15] The district court placed a $4,800 date of death value on Marianne Fife's minerals on the basis of an expert appraisal, and found that "Marianne's entire North Dakota intestate estate would have passed to Richard in 1989." The court further assumed without deciding that even if Marianne Fife's intestate estate included her Idaho personal property, all of the property would have passed to Richard Fife.

[¶ 16] At trial Plaintiffs attempted to show the value of their mother's Idaho personal property by testifying and providing a list of items including cars, jewelry, antiques, furniture, appliances and other household items. The court gave little weight to the Plaintiffs' testimony and exhibit relating to their mother's personal property:

"In their testimony and exhibits, the Plaintiffs offered no evidence to support Marianne's ownership of any of the items described in Exhibit 20.

. . . .

"The Plaintiffs failed to offer any evidence supporting Exhibit 20, and therefore failed to prove that any item listed was owned by Marianne at the time of her death, or that any values assigned to these items by the Plaintiffs are accurate. If the Court were to set aside this fact and take Exhibit 20 at face value, then all of the items listed (plus the sterling silver set not listed but testified to by Anne), would total $46,575.00. By reason of the marital relationship between Richard and Marianne, they each would have had a fifty percent (50%) ownership interest in the stated personal property, which would value Marianne's share of the personal property at $23,287.50."

In concluding its discussion on the value of Marianne Fife's intestate estate, the court stated, "No matter which valuation is chosen for Marianne's potential estate, when applying North Dakota laws in effect at the time of her death, 100% of the subject property would have transferred to Richard Fife."

[¶ 17] We agree with district court's analysis on the valuation of Marianne Fife's intestate estate. Assuming without deciding that Marianne Fife's intestate es-

tate included all property wherever located, the total value of her estate was less than $50,000 and would pass to Richard Fife under the laws in effect when she died. *See* N.D.C.C. § 30.1-04-02(3); I.C. § 15-2-102. The court did not clearly err in valuing Marianne Fife's intestate estate. We are not left with a definite and firm conviction a mistake has been made.

### III

[¶ 18] Plaintiffs argue the district court should have exercised its equitable powers to award them their mother's minerals. We review a district court's decision to exercise its equitable powers under an abuse of discretion standard. *Estate of Rohrich*, 496 N.W.2d 566, 573 (N.D. 1993).

[¶ 19] The district court addressed Plaintiffs' request for equitable relief, recognizing the unfortunate events surrounding their mother's death and their strained relationship with their father after her death. The court nevertheless denied Plaintiffs' request for equitable relief, stating those facts "do not change the Court's view on how the law is applied to the pertinent facts of this case." "The Court believes in the rule of law and it has applied the law to the facts, as the Court has found them to be true." Because the court correctly applied the law to the facts of this case, it did not abuse its discretion in denying Plaintiffs' request for equitable relief.

### IV

[¶ 20] We have considered Plaintiffs' remaining arguments and conclude they are either without merit or unnecessary to our decision. The judgment is affirmed.

[¶ 21] Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Daniel D. Narum, D.J.

Gerald W. VandeWalle, C.J.

[¶ 22] The Honorable Daniel D. Narum, D.J., sitting in place of Kapsner, J., disqualified.