Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 56

State of North Dakota, Plaintiff and Appellee

v.

Laura Rende, Defendant and Appellant

No. 20170144

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Stephenie L. Davis, McKenzie County Assistant State’s Attorney, Watford City, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

State v. Rende

No. 20170144

VandeWalle, Chief Justice.

[¶1] 
Laura Rende appealed from a criminal judgment entered after a jury found her guilty of simple assault on a peace officer and driving under the influence. The district court did not instruct the jury to make a finding whether Rende knew Trooper Steven Iden was acting in his official capacity at the time of her arrest. We affirm, because Rende invited the error. We do not reach the issue of probable cause to arrest, because Rende failed to raise the issue in the district court.

I

[¶2] In September 2016, North Dakota Highway Patrol Trooper Steven Iden stopped Rende for crossing a fog line. After making contact with Rende, Trooper Iden noticed she appeared to have bloodshot eyes, her speech was mumbled, and she seemed to have difficulty retrieving her driver’s license. Trooper Iden asked Rende to step out of the vehicle and explained he believed she was impaired. Rende refused to cooperate, and Trooper Iden placed her under arrest for driving under the influence. Trooper Iden opened Rende’s door, removed her from the vehicle, and placed her in the back of his squad car. Trooper Iden read Rende her Miranda rights, the implied consent advisory, and asked Rende to submit to a preliminary breath test. Rende refused, and Trooper Iden left to move Rende’s vehicle.

[¶3] When Trooper Iden returned, he asked Rende to exit the patrol car. Rende refused, and Trooper Iden removed her from the vehicle to check for weapons. When Trooper Iden asked Rende to get back into the squad car she refused. During Trooper Iden’s efforts to get her back in the car she started kicking and struck Trooper Iden in the face and shoulder. Trooper Iden informed her he was charging her with assault on a peace officer. Trooper Iden took Rende to the McKenzie County Jail where he read her the implied consent advisory a second time and asked for a chemical breath test. Rende refused.

[¶4] Rende was charged with simple assault on a peace officer and driving under the influence of alcohol. The simple assault charge was a class C felony under N.D.C.C. § 12.1-17-01(2)(a), which applies “when the victim is a peace officer or correctional institution employee acting in an official capacity, which the actor knows to be a fact.”

II

[¶5] On appeal, Rende argues the district court committed reversible error because the jury was not required to find that Rende knew Trooper Iden was working in his official capacity during the traffic stop, and this error rises to the level of obvious error under N.D.R.Crim.P. 52(b). Rende contends that under the instruction as written, she could only have been convicted of a class B misdemeanor under N.D.C.C.§ 12.1-17-01(2)(c).

[¶6] The jury instruction for simple assault on a peace officer read:

COUNT 1: SIMPLE ASSAULT (ON A PEACE OFFICER)

A person who willfully causes bodily injury to a peace officer acting in an official capacity, and knew that Trooper Steven Iden was a peace officer, is guilty of Simple Assault.

ESSENTIAL ELEMENTS OF OFFENSE

The State’s burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or about September 24, 2016, in McKenzie County, North Dakota;

2) The Defendant, Laura Rende;

3) Willfully;

4) Caused bodily injury;

5) to Trooper Steven Iden; and 

6) The Defendant knew Trooper Steven Iden with the North Dakota  Highway Patrol was a peace officer. 

[¶7] A criminal defendant is entitled to a jury determination that he is guilty, beyond a reasonable doubt, of every element of the crime which he is charged. 
See Alleyne v. United States
, 570 U.S. 99, 104 (2013)
; Apprendi v. New Jersey
, 530 U.S. 466, 477 (2000);
 State v. Falconer
, 2007 ND 89, ¶ 13, 732 N.W.2d 703. In 
Apprendi
,
 
the Supreme Court held a fact used to enhance a criminal sentence beyond the statutory maximum for the crime committed, other than the fact of a prior conviction, must be decided by a jury beyond a reasonable doubt. 
Apprendi
, 530 U.S. 466, 490 (2000). In 
Alleyne, 
the Supreme Court extended the reasoning in 
Apprendi
, holding any fact leading to the imposition of a mandatory minimum sentence must also be found by a jury beyond a reasonable doubt. 
Alleyne
, 570 U.S. 99, 103 (2013). Thus, a district court’s use of jury instructions that fail to include every element of the offense is error. Nevertheless, error does not always require automatic reversal.

[¶8] We have recognized three categories of error that arise in criminal cases when the alleged error has not been raised in the district court: forfeited error, waived error, and structural error. 
State v. Watkins
, 2017 ND 165, ¶ 12, 898 N.W.2d 442. “Forfeiture is the failure to timely assert a right, while waiver is the intentional relinquishment of a right.” 
Id.
 (citation omitted). Rule 52(b), N.D.R.Crim.P., “applies only to ‘forfeited’ errors, not ‘waived’ errors.” 
Watkins
, 2017 ND 165, ¶ 12, 898 N.W.2d 442; 
see also State v. White Bird
, 2015 ND 41, ¶ 23, 858 N.W.2d 642; 
State v. Kautzman
, 2007 ND 133, ¶ 17, 738 N.W.2d 1. “Structural errors, however, are constitutional errors so intrinsically harmful as to require automatic reversal regardless of whether they have been forfeited or waived.” 
Watkins
, 2017 ND 165, ¶ 12, 898 N.W.2d 442 (quotations omitted);
 see also
 
White Bird
, 2015 ND 41, ¶ 24, 858 N.W.2d 642.

[¶9] This case does not involve structural error requiring automatic reversal. As we recognized in 
Watkins
, “[n]either 
Apprendi 
nor 
Alleyne 
errors constitute structural errors requiring automatic reversal.” 
Watkins
, 2017 ND 165, ¶ 13, 898 N.W.2d 442
; see, e.g., Washington v. Recuenco
, 548 U.S. 212, 222 (2006); 
United States v. King
, 751 F.3d 1268, 1279 (11th Cir. 2014);
 United States v. Lara-Ruiz
, 721 F.3d 554, 557 (8th Cir. 2013). “Rather, these errors may be waived through the doctrine of invited error.”
 Watkins
, 2017 ND 165, ¶ 13, 898 N.W.2d 442.
 See, e.g., United States v. Solis
, 299 F.3d 420, 452 (5th Cir. 2002); 
People v. Davis
, 115 P.3d 417, 456 (Cal. 2005); 
State v. Andrews
, 185 P.3d 1127, 1128-29 (Or. Ct. App. 2008). “It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.” 
White Bird
, 2015 ND 41, ¶ 23, 858 N.W.2d 642 (citation omitted). A party may not take advantage of irregularities in the proceedings unless he objects at the time they occur, allowing the district court to take appropriate action. 
Id
. at ¶ 24.

[¶10] This case does not involve forfeited error. Rende never objected to the jury instructions. And most significantly, the instructions Rende proposed failed to include an element on official capacity. Rende’s proposed jury instruction for simple assault on a peace officer read:

COUNT 1: SIMPLE ASSAULT (ON A PEACE OFFICER)

a) A person who willfully causes bodily injury to a peace officer acting in an official capacity and knew that Trooper Steven Iden was a peace officer is guilty of Simple Assault.

ESSENTIAL ELEMENTS OF OFFENSE

b) The State’s burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or about September 24, 2016, in McKenzie County, North Dakota, the Defendant, Laura Rende, caused bodily injury to Trooper Steven Iden; and

2) The Defendant willfully ca[u]sed the injury; and

3) The Defendant knew Trooper Steven Iden with the North Dakota Highway Patrol was a peace officer.  

Accordingly, this error was waived, and the obvious error analysis under N.D.R.Crim.P 52(b) does not apply. Rende may not now seek reversal based on an error she invited.

[¶11] Furthermore, nothing in the record indicates Rende did not know Trooper Iden was working in his official capacity. Alternatively, the record shows (1) Trooper Iden was dressed in a North Dakota State Highway Patrol uniform with patches and badges indicating he is an officer; (2) Trooper Iden pulled Rende over in a marked patrol car with red and blue lights on top; and (3) Trooper Iden identified himself as “Trooper Iden with the North Dakota Highway Patrol” at the outset of the stop. 

[¶12] On appeal, Rende argues she was fearful during the traffic stop. However, Rende never testified at trial. Absent her testimony, we are asked to assume she was fearful and doubted Trooper Iden’s actions based solely off Trooper Iden’s responses to questions at trial. Trooper Iden testified Rende indicated she did not understand the consequences of the Implied Consent Advisory. Trooper Iden further testified Rende was belligerent and uncooperative throughout the entire traffic stop, but did not appear fearful or scared.

[¶13] Invited error aside, Rende has not put forth any evidence she doubted whether Trooper Iden was working in his official capacity. We will not second-guess the actions of an officer because an officer is presumed to have performed his duty correctly, and that presumption was not overcome by any evidence to the contrary. 
See State v. Larson
, 554 N.W.2d 655, 657 (N.D. 1996).

III

[¶14] Rende argues Trooper Iden lacked sufficient probable cause to believe she was under the influence of alcohol at the time of her arrest. However, that issue was not addressed in the district court, and we will not address issues raised for the first time on appeal. 
See Fahey v. Fife
, 2017 ND 200, ¶ 11, 900 N.W.2d 250. Whether there was sufficient probable cause to justify an arrest is a matter to be determined in the first instance by the district court. The path to appeal on that issue requires Rende to have made a proper motion to suppress evidence in the district court. Accordingly, we do not reach the issue.

IV

[¶15] We affirm the criminal judgment.

[¶16] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen