# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 87

In the Matter of the Estate of Ann Biel Brandt, Deceased

Kathleen Bouchard, as personal representative
of the Estate of Ann Biel Brandt,                       Petitioner and Appellee

    and

Kathleen Bouchard, in her individual
capacity as an interested person,                              Petitioner

    v.

Thomas Biel and Marilyn Knudson,          Respondents and Appellants

### No. 20180160

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Robert G. Manly (argued), and Andrew D. Smith (appeared), Fargo, ND, for petitioner and appellee Estate of Ann Biel Brandt.

Kirsten Tuntland (argued), and Patrick W. Durick (appeared), Bismarck, ND, for respondents and appellants.

**Estate of Brandt**

**No. 20180160**

**Jensen, Justice.**

[¶1]    Thomas Biel and Marilyn Knudson appeal from a judgment entered after the probate court approved a final accounting and distribution in the supervised administration of the Estate of Ann Biel Brandt.  Biel and Knudson assert that the probate court erred in allowing Kathleen Bouchard to participate in the supervised probate administration as both the personal representative of the Estate and as an interested person, that the court erred in assuming jurisdiction over a separate civil action and deciding the merits of that action, that the court's final distribution is inconsistent with Ann Biel Brandt's testamentary intent to equally distribute her property to her three children, that the court erred in not awarding them attorney fees, in awarding Bouchard certain expenses, and awarding attorney fees to the Estate's attorneys.  We affirm.

I

[¶2]    Biel, Knudson, and Bouchard are the three children of the decedent, Ann Biel Brandt.  The children's father died in 1974, and Ann Biel Brandt later married Robert Brandt, who died in 2007. Over an objection by Biel and Knudson, Bouchard was appointed the personal representative for the supervised administration of the Estate.

[¶3]    Biel and Knudson claim that Bouchard, acting in her capacity as both an interested person and as the personal representative of the Estate, administered the Estate to further her personal interests.  They challenge the probate court's final distribution of the Estate awarding Bouchard cash and awarding them the value of the Estate's interest in a separate civil action for recovery of payments related to Ann Biel Brandt's life estate in mineral interests.  They assert the probate court erred in including land in the Estate from the Ann Biel Brandt Legacy Trust.  They also contend the probate court erred in approving the reimbursement of Bouchard's

1

expenses and attorney fees from Estate assets, erred in denying their request for attorney fees, and they request this Court to order assignment of a different judge for proceedings on remand.

II

[¶4]    Ann Biel Brandt owned surface and mineral interests in land in Mountrail, Divide, and Burke Counties.  In 1996, Robert and Ann Biel Brandt executed a warranty deed granting their surface rights and "all of their right, title, and interest to any and all oil, gas, coal, and other minerals in, under, or upon" a tract of land in Divide County to Knudson's son and daughter-in-law, "subject, however, to a life estate to the Grantors and the survivor thereof."  In 2009, Knudson's son and daughter-in-law leased their interest in the minerals in that Divide County land to LoneTree Energy & Associates, LLC, and that lease was subsequently assigned to Hess Corporation.

[¶5]    In 2010, LoneTree caused a death certificate for a different Ann Brandt to be recorded and indexed against Ann Biel Brandt's life estate in the Divide County land. In September 2010, a well operated by Hess started producing oil and gas from that land, and royalty payments from the well were paid to Knudson's son and daughter-in-law presumably because of the erroneously filed death certificate.  In 2013, Bouchard advised Hess that Ann Biel Brandt was still alive and royalty payments to Knudson's son and daughter-in-law were placed in suspense.  As a result of the mineral lease, Knudson's son and daughter-in-law received $43,780 in bonus payments, $83,834.11 in royalties, and $18,197.34 was placed in suspense.

[¶6]    In 2007, Ann Biel Brandt executed a durable power of attorney naming Biel, Knudson, and Bouchard jointly and severally as her attorneys in fact.  In May and June 2013, Bouchard relied on that power of attorney to take several actions regarding her mother's property and to revoke Knudson's power of attorney for their mother. Knudson objected to Bouchard's actions and subsequently obtained injunctive relief

2

after establishing Bouchard had exceeded her authority. The injunctive relief restored Knudson's authority under the 2007 power of attorney.

[¶7] In November 2013, Biel and Knudson acted under the 2007 power of attorney to establish the Ann Biel Brandt Legacy Trust and subsequently conveyed Ann Biel Brandt's interests in real property to the Trust. Under the Legacy Trust, Brandt was the sole beneficiary during her lifetime, and upon her death, the trust property was to be distributed equally to her three children. Biel and Knudson claim the property transferred to the Legacy Trust should not have been part of the probate proceedings and should have been distributed under the terms of the Trust.

[¶8] Ann Biel Brandt died in May 2014. Her will devised the residuary of her estate equally to her three children. In October 2015, Bouchard was appointed personal representative in the supervised administration of Brandt's estate over the objection of Biel and Knudson. Before being appointed personal representative, Bouchard submitted twelve claims to the probate court for reimbursement of a total of $47,414.43 from the Estate for her claimed out-of-pocket expenses for the benefit of Ann Biel Brandt or the Estate.

[¶9] Bouchard, in her capacity as personal representative, brought a separate civil action against Hess, LoneTree, the Legacy Trust, Biel, Knudson, Knudson's husband, and Knudson's son and daughter-in-law to determine Ann Biel Brandt's share of the mineral interests related to her life estate in the tract of land in Divide County. The complaint alleged claims against Hess and LoneTree for slander of title and negligence, against Hess and the Legacy Trust for declaratory relief, against Knudson's son and daughter-in-law for unjust enrichment, and against Biel, Knudson, and her husband for an accounting. Bouchard, as personal representative of the Estate, petitioned the probate court for a determination of Ann Biel Brandt's rights in the Divide County land and in the land in the Legacy Trust. Bouchard also filed several petitions as an interested person and devisee beneficiary to determine the title

to the land in Burke, Divide, and Mountrail Counties and the value of the mineral interests in the separate civil action.

[¶10] The probate court concluded it had exclusive jurisdiction in the formal supervised proceedings to determine the title to property allegedly belonging to the Estate. The court decided the Legacy Trust was void from its inception because it was created by Biel and Knudson to benefit their goals and was not created to benefit Ann Biel Brandt as required by the language of their power of attorney for her. After determining the Trust was void, the court concluded the land that had been transferred to the Trust was part of the Estate. The court also decided Ann Biel Brandt owned all the mineral revenue from her life estate in the Divide County land during her lifetime. In a separate order, the probate court decided her mineral rights involved in the separate civil action were Estate property and, for the purpose of the Estate administration, had a value of $197,117.11. The court ordered an equal distribution of the value of the Estate's interest in the civil action to Biel and Knudson and required them to be substituted as plaintiffs for the personal representative in that action.

[¶11] The probate court later issued an order allowing, settling, and confirming Bouchard's final inventory and accounting for the Estate. The court ordered distribution of property the court valued at $217,206.45 to each of the three children, including allocation of $197,117.11 to Biel and Knudson for the value of the separate civil action. The court also awarded Bouchard certain expenses and attorney fees and denied a request by Biel and Knudson for their attorney fees.

III

[¶12] Biel and Knudson argue N.D.C.C. §§ 30.1-18-03(1) and 30.1-18-13 prohibit Bouchard from acting simultaneously as the personal representative of the Estate and as an "interested person." Their argument requires examination of the statutory provisions of the Uniform Probate Code, N.D.C.C. title 30.1, adopted in North Dakota in 1973. *See* 1973 N.D. Sess. Laws ch. 257, § 1.

4

[¶13] In *Estate of Hogen*, 2015 ND 125, ¶ 12, 863 N.W.2d 876, we described our rules for statutory interpretation:

> Statutory interpretation is a question of law, fully reviewable on appeal. *Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. The primary objective in interpreting a statute is to determine the intent of the legislation. *Id.* The intent of legislation must be sought initially from the statutory language. *Olson v. Job Serv.*, 2013 ND 24, ¶ 5, 827 N.W.2d 36. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1-02-07. We construe statutes to give effect to all of their provisions, so that no part of a statute is rendered inoperative or superfluous. N.D.C.C. § 1-02-38(2) and (4). Statutory provisions that are part of a uniform statute must be construed to effectuate their general purpose to make uniform the law of those states enacting them. N.D.C.C. § 1-02-13. In construing the U.P.C., we may also look to the Editorial Board Comment for guidance. *In re Estate of Conley*, 2008 ND 148, ¶ 15, 753 N.W.2d 384.

[¶14] Section 30.1-18-03(1), N.D.C.C., provides that a personal representative is a fiduciary with a duty to settle and distribute the decedent's estate according to the decedent's will and the best interests of the estate. *See Estate of Ridl*, 455 N.W.2d 188, 192 (N.D. 1990). Section 30.1-18-13, N.D.C.C., provides that sales or encumbrances to a personal representative are voidable unless approved by the court. Section 30.1-13-03, N.D.C.C., describes the priorities for appointment as a personal representative of a decedent's estate, and lists those with priority as persons nominated in a will, a surviving spouse, devisees, other heirs, a trust company, and creditors. Section 30.1-01-06(26), N.D.C.C., defines an "interested person" to include heirs, devisees, spouses, creditors, and others having a property right in the decedent's estate, and includes persons having priority for appointment as personal representative.

[¶15] The plain language of those provisions recognizes that a personal representative may be an interested person and does not preclude a personal representative from simultaneously being an interested person. Under N.D.C.C. §

5

30.1-12-05, interested persons may petition a court for orders in a formal probate proceeding and a personal representative is subject to the directions of the court on motion of an interested party. *See also* N.D.C.C. § 30.1-16-01 ("A supervised personal representative is responsible to the court, as well as to the interested parties, and is subject to directions concerning the estate made by the court on its own motion or on the motion of any interested party.").

[¶16] When the foregoing statutory provisions are considered together, we conclude Bouchard was not precluded from filing petitions as an interested person in this formal supervised probate administration while simultaneously performing her fiduciary duty to distribute the property according to Ann Biel Brandt's will and the best interests of the Estate. We conclude the probate court did not err in considering petitions filed by Bouchard as an interested person.

IV

[¶17] Biel and Knudson argue the probate court exceeded its jurisdiction in invalidating the Legacy Trust, in determining the rights to payment for the mineral interests from the tract of land in Divide County during Ann Biel Brandt's lifetime, in determining a value for the separate civil action, and in ultimately allocating a value for the civil action to Biel and Knudson as part of the probate proceedings. In addition to their challenge to the probate court's jurisdiction, Biel and Knudson also assert the probate court's findings on title and value were made without benefit of any oral testimony, were based on erroneous factual findings, and were premised on incorrect legal conclusions that the Legacy Trust was invalid from the beginning and that the 1996 conveyance to Knudson's son and daughter-in-law reserved all mineral income to Ann Biel Brandt during her lifetime. Finally, Biel and Knudson challenge the probate court's authority to direct the personal representative not to settle the separate civil action.

[¶18] "When the jurisdictional facts are not in dispute, the question of subject-matter jurisdiction is a question of law, and we review the jurisdiction decision de novo."

6

*Estate of Bartelson*, 2011 ND 219, ¶ 8, 806 N.W.2d 199 (citation omitted). Analysis of a district court's ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review. *Bolinske v. Herd*, 2004 ND 217, ¶ 7, 689 N.W.2d 397. Our standard of review of findings of fact in probate proceedings is well established:

> We review factual findings in a probate proceeding under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made. Under N.D.R.Civ.P. 52(a)(1), in an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately. A district court must make findings of fact and conclusions of law that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law.

*Estate of Johnson*, 2015 ND 110, ¶ 20, 863 N.W.2d 215 (quoting *Estate of Wicklund*, 2012 ND 29, ¶ 22, 812 N.W.2d 359).

1

[¶19] Biel and Knudson established the Legacy Trust in 2013, and transferred Ann Biel Brandt's interest in certain real property to themselves as trustees. Bouchard petitioned the probate court, seeking a determination that the Legacy Trust was invalid and requesting the transfer of Ann Biel Brandt's interest in the real property to the Trust be set aside. Bouchard claimed Ann Biel Brandt's interest in that real property should be included in her Estate for purposes of probate.

[¶20] Under N.D.C.C. § 27-05-06, district courts in North Dakota are courts of general jurisdiction. Section 30.1-02-02, N.D.C.C., deals with subject-matter jurisdiction in probate matters and gives the district court jurisdiction over all subject matter relating to probate and testamentary matters, including decedent's estates. *See Estate of Vaage*, 2016 ND 32, ¶ 15, 875 N.W.2d 527; *Bartelson*, 2011 ND 219, ¶ 9, 806 N.W.2d 199.

[¶21] Section 30.1-12-05, N.D.C.C., provides, in part:

7

> The court has exclusive jurisdiction of formal proceedings to determine how decedents' estates subject to the laws of this state are to be administered, expended, and distributed, including actions to determine title to property alleged to belong to the estate and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

Section 30.1-12-05, N.D.C.C., expressly provides the probate court with exclusive jurisdiction to determine "title to property alleged to belong to the estate." *See also* N.D.C.C. § 32-23-04 (authorizing declaratory relief of rights involving estate). The Uniform Probate Code Editorial Board Comment to N.D.C.C. § 30.1-12-05 recognizes that in states such as North Dakota where the probate court is a court of general jurisdiction, there is little basis for objection to the broad statement of probate court jurisdiction for negligence or other actions involving jury trials and says the probate court "should have unlimited power to hear and finally dispose of all matters relevant to determination of the extent of the decedent's estate." The dispute in this case regarding the Legacy Trust and Ann Biel Brandt's mineral interests in the tract of land in Divide County are within the scope of determining title to property alleged to belong to the Estate.

2

[¶22] Biel and Knudson also challenge the procedure in which Bouchard sought to determine title to the property. Bouchard raised the issue of title to the property by filing a "petition" seeking a determination by the probate court. We conclude the filing of a petition is sufficient to initiate proceedings to determine the title to property alleged to belong to the Estate where all of the parties are "interested persons."

[¶23] Section 30.1-12-06, N.D.C.C., provides that in "proceedings within the exclusive jurisdiction of the court where notice is required by this title or by rule . . . interested persons may be bound by the orders of the court in respect to property in or subject to the laws of this state by notice in conformity with section 30.1-03-01." Section 30.1-03-01(1), N.D.C.C., generally describes the procedure for giving notice

8

to interested persons, including mailing a copy of the notice of hearing to the person. All of the parties necessary for determination of the title to Ann Biel Brandt's property interests that were transferred to the Legacy Trust fall within the definition of an "interested person" as defined by N.D.C.C. § 30.1-01-06(26), and were provided with notice of the hearing on the petitions consistent with N.D.C.C. § 30.1-03-01. The record also reflects that all parties to the civil action were served with notice of hearing of the petitions to determine title and value to the property. We conclude the probate court had personal jurisdiction over the parties, and proper notice of the hearing on the petitions was provided to Biel and Knudson.

3

[¶24] Biel and Knudson also challenge the sufficiency of the evidence provided to the probate court and the lack of an "affidavit" in support of the petitions. Bouchard provided a document in support of each of her petitions entitled "Brief and Affidavit." The documents were not signed under oath or with any other affirmation sufficient to satisfy the requirements of an affidavit as defined by N.D.C.C. § 31-04-02.

[¶25] However, Bouchard's petition and the accompanying documents, unless otherwise subject to an exception, are deemed to have included an oath, affirmation, or statement attesting to its truthfulness under N.D.C.C. § 30.1-02-07, which provides:

> Except as otherwise specifically provided in this title or by rule, every document filed with the district court under this title, including applications, petitions, and demands for notice, is deemed to include an oath, affirmation, or statement to the effect that its representations are true as far as the person executing or filing it knows or is informed, and penalties for perjury may follow deliberate falsification therein.

Bouchard's petition and the accompanying documents were not within any of the exceptions to N.D.C.C. § 30.1-02-07. We conclude Bouchard's petitions and accompanying documents were therefore sufficient to place the information in those documents before the probate court as statements under oath or affirmation to the effect that its representations are true.

4

9

[¶26]   Biel and Knudson claim the probate court erred in determining the land in the Legacy Trust was part of the Estate and in determining the extent of Ann Biel Brandt's life estate in the tract of land in Divide County.

[¶27]   The probate court decided the Legacy Trust was void from the beginning because Biel and Knudson exceeded their authority in creating the Trust under the 2007 power of attorney.  The court also decided the Brandts' 1996 deed to Knudson's son and daughter-in-law reserved to the Brandts the benefit of all the revenue from the minerals during their lifetime under the language of N.D.C.C. §§ 47-10-24 and 47-10-25.  The court concluded all the oil and gas revenue during Ann Biel Brandt's lifetime was property of the Estate.

[¶28] The plain language of the 2007 power of attorney included language authorizing the attorneys in fact to act for Ann Biel Brandt's benefit and to create trusts for her sole benefit during her lifetime.  The probate court determined the Legacy Trust deprived Brandt of her real property during her lifetime and was created to further the personal goals of Biel and Knudson.  The court found Biel and Knudson acted to further their own personal goals:  1) to fund their own legal fees; 2) to protect Knudson's son and daughter-in-law from being required to repay oil and gas revenues that should have been paid to Brandt; 3) to prevent Bouchard from having standing to pursue claims against LoneTree, Hess and Knudson's son and daughter-in-law; and 4) to exercise control in the distribution of property and income inconsistent with the intent of Brandt's estate.  The court concluded the Legacy Trust had no estate planning purpose and was not created to benefit Brandt, because it effectively deprived her of her real property during her lifetime.  We agree with the court's conclusion that the Legacy Trust was void from its inception, and the land in the Trust was Estate property.

[¶29] The language of N.D.C.C. §§ 47-10-24 and 47-10-25 provides that a reservation of named mineral rights precludes those mineral rights from being transferred with the surface. The Brandts' 1996 deed to Knudson's son and daughter-

10

in-law conveyed the Brandts' surface rights and all their right, title, and interest to any and all oil, gas, coal, and other minerals in, under or upon the land, subject to a life estate in the Brandts. We agree with the probate court's conclusion that the language of the deed provided Ann Biel Brandt with all the oil and gas revenue from that land during her lifetime.

5

[¶30] Biel and Knudson nevertheless challenge the probate court's authority to decide the value of Ann Biel Brandt's mineral interests in the separate pending civil action. In summary, Bouchard's petition requested the probate court to place a value on the Estate's interest in the separate civil action to determine Ann Biel Brandt's share of the mineral interests related to her life estate in the Divide County land, a contingent asset of the Estate. Bouchard's petition claimed the value of Ann Biel Brandt's mineral interests was more than $195,000.

[¶31] A probate court has jurisdiction to determine title to property alleged to belong to the estate and has exclusive jurisdiction over the administration and distribution of the estate, which inherently includes determining the value of estate assets. N.D.C.C. § 30.1-12-05. *See also* N.D.C.C. §§ 30.1-02-02 and 32-23-04. Even though an asset may be contingent or vested in the future, the probate court may value the asset for purposes of administering an estate and distributing the estate's assets. *See Matter of Curtiss A. Hogen Trust B*, 2018 ND 117, ¶¶ 28-31, 911 N.W.2d 305 (holding district court did not clearly err in valuing trust's action against co-trustee for breach of fiduciary duty). Biel and Knudson received notice of the hearing on the petition. Bouchard's petition and accompanying documents provided sufficient information for the probate court to make a determination of the value of the separate litigation for purposes of the probate proceeding, and the probate court made a determination following the hearing.

6

11

[¶32] Biel and Knudson argue on appeal that they were denied an opportunity to challenge Bouchard through cross-examination or provide testimony in opposition to the petitions. Biel and Knudson received notice of the hearing on the petition to determine the value of Ann Biel Brandt's property, including the claimed value of the mineral interests in the civil action, and they did not raise issues about cross-examination or opposing testimony in the probate court. "[T]his Court does not consider questions that were not presented to the trial court and that are raised for the first time on appeal." *Avila v. Weaver* 2019 ND 20, ¶ 12, 921 N.W.2d 450 (quoting *Hoff v. Gututala-Hoff*, 2018 ND 115, ¶ 7, 910 N.W.2d 896). "The purpose of an appeal is to review the actions of the district court, not to grant the appellant an opportunity to advance new strategies or theories." *Avila*, at ¶ 12. Because Biel and Knudson did not raise these issues in the probate court, the manner in which the hearing was handled in the probate court is not properly before this Court.

7

[¶33] Biel and Knudson challenge the probate court's determination of the value of the pending litigation. "Valuation of an estate's property is a finding of fact subject to the clearly erroneous standard of review." *Fahey v. Fife*, 2017 ND 200, ¶ 8, 900 N.W.2d 250. "A finding of fact is clearly erroneous if no evidence supports it, it is induced by an erroneous view of the law or after reviewing all the evidence we are left with a definite and firm conviction a mistake has been made." *Adams v. Adams*, 2016 ND 169, ¶ 6, 883 N.W.2d 864. "We review the evidence in the light most favorable to the district court's findings, which are presumed to be correct." *Fahey*, at ¶ 8.

[¶34] The probate court adopted a value of $197,117.11 for the civil litigation from a letter prepared by Hess that was presented by Biel and Knudson. The court received information in Bouchard's petition and accompanying documents that supports the probate court's valuation, the court properly applied the law, and we are not left with

a definite and firm conviction the court made a mistake in valuing the separate litigation for purposes of the probate proceeding.

8

[¶35]   Biel and Knudson challenge the probate court's approval of the final report and accounting, which includes the allocation of the Estate assets.  We review a final report and accounting under the abuse-of-discretion standard.  *Estate of Johnson*, 2017 ND 162, ¶ 18, 897 N.W.2d 921.  A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned decision.  *Id.*

[¶36]   Biel and Knudson assert the probate court abused its discretion by including the Legacy Trust assets in the Estate and in determining the value of the separate civil action.  We have concluded the probate court properly resolved the title of the decedent's interest in the Legacy Trust property and the valuation of the mineral interests in the separate action for purposes of the probate proceeding.  The probate court valued the Estate's property, and based on those valuations, distributed the property equally to Ann Biel Brandt's three children.  We conclude the court's decision was not arbitrary, unreasonable, or unconscionable, did not misinterpret or misapply the law, and was the product of a rational mental process leading to a reasoned decision.  We therefore conclude the court did not abuse its discretion in approving the final report and account.

9

[¶37]   Biel and Knudson challenge the probate court's decision allowing the personal representative to manage the separate civil action and to reject a settlement offer made by the defendants to the Estate in the separate action.  In this supervised administration, Bouchard petitioned the probate court for direction regarding a settlement offer in the separate civil action.  Section 32-23-04, N.D.C.C., permits personal representatives to request direction regarding actions in their fiduciary

13

capacity and authorizes a court to determine any question arising in the administration of an estate. *See also* N.D.C.C. § 30.1-16-01 (stating supervised personal representative is subject to directions concerning the estate made by the court on its own motion or on motion of any interested party). This was a supervised administration of the Estate, and Biel and Knudson have cited no authority precluding the probate court from providing direction on the settlement of the separate civil action in the context of a supervised administration. We conclude the court did not abuse its discretion in providing the personal representative with authority to manage the separate civil action. *See Denault v. State*, 2017 ND 167, ¶ 7, 898 N.W.2d 452 (reviewing decision on declaratory relief under abuse-of-discretion standard).

V

[¶38] Biel and Knudson argue the probate court erred in allowing Bouchard expenses incurred before Ann Biel Brandt's death, allowing attorney fees incurred by Bouchard before her appointment, allowing attorney fees for the Estate's attorneys related to Bouchard's interested person petitions, and denying their request for attorney fees. They argue that Bouchard was not a creditor of the Estate, that she was not entitled to reimbursement for actions she took before Ann Biel Brandt's death, that attorney fees relating to proceedings for her appointment are not reimbursable, and that some expenses and attorney fees were for Bouchard's individual benefit.

1

[¶39] Bouchard incurred certain expenses visiting Ann Biel Brandt before her death. Bouchard claimed the visits were incurred in her capacity as Ann Biel Brandt's attorney in fact under the power of attorney. The parties agree services provided by a family member to another member of their household are presumed to have been provided gratuitously. *See Estate of Lutz*, 2000 ND 226, ¶ 11, 620 N.W.2d 589. In *Lutz*, this Court summarized our review of such expenses:

> Although a person who performs substantial services for another without an express agreement for compensation ordinarily is entitled to the reasonable value of the services, a presumption arises that services

14

were gratuitous and that compensation was not intended when those services are performed by a family member in the same household. The presumption may be overcome with evidence that the services rendered are exceptional and of an extraordinary nature. Mutuality of benefits is also a factor to consider. A family claimant has the burden of overcoming the presumption against compensation by proof that the services were extraordinary and not gratuitous.

The issue of whether the services are so exceptional and extraordinary as to imply a contract to pay for those services is a question of fact for the trier of fact to decide. A trial court's findings of fact will not be set aside unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made.

*Lutz*, 2000 ND 226, ¶¶ 11-12, 620 N.W.2d 589 (citations omitted).

[¶40]   The probate court found Bouchard provided services that were of such a nature that compensation was appropriate under the circumstances. Biel and Knudson bear the burden of demonstrating the court's determinations regarding the expenses incurred by Bouchard before the decedent's death were clearly erroneous. *Lutz*, 2000 ND 226, ¶ 12, 620 N.W.2d 589. After reviewing the record, we conclude the court's determinations were not induced by an erroneous view of the law, there is evidence in the record supporting the court's findings, and we are not left with a definite and firm conviction a mistake has been made.

2

[¶41]   The probate court granted Bouchard reimbursement for attorney fees she incurred before her appointment as personal representative under N.D.C.C. § 30.1-18-01. Section 30.1-18-01, N.D.C.C., says: "The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter." Attorney fees incurred by the personal representative are recoverable under N.D.C.C. § 30.1-18-15(21), which provides the personal representative with the authority to employ attorneys "to advise or assist the personal representative in the performance

15

of the personal representative's administrative duties . . . ." *See Estate of Flaherty*, 484 N.W.2d 515, 518 (N.D. 1992) (Attorney fees incurred by a personal representative "as a fiduciary acting on behalf of persons interested in an estate" may be charged to the estate.). We will not reverse a determination on attorney fees absent an abuse of discretion. *Johnson*, 2017 ND 162, ¶ 18, 897 N.W.2d 921; *Estate of Peterson*, 1997 ND 48, ¶ 24, 561 N.W.2d 618. A court's underlying findings will be upheld unless clearly erroneous. *Peterson*, at ¶ 24.

[¶42] The probate court found the attorney fees incurred before Bouchard's appointment as personal representative benefitted the Estate and were recoverable under N.D.C.C. § 30.1-18-01. After reviewing the record, we conclude the court's determination about the benefit to the Estate was not induced by an erroneous view of the law, and we are not left with a definite and firm conviction a mistake has been made. We conclude the court did not abuse its discretion in awarding Bouchard attorney fees incurred before her appointment.

3

[¶43] Biel and Knudson challenge the attorney fees billed by the attorneys for the Estate and approved by the probate court. In summary, they assert some of the fees in question were not incurred for the benefit of the Estate, but were incurred for Bouchard's personal benefit. Under N.D.C.C. § 30.1-18-20, a personal representative is entitled to receive from the estate reasonable attorney fees for estate litigation prosecuted in good faith. *Johnson*, 2017 ND 162, ¶ 20, 897 N.W.2d 921. The personal representative's actions must be in good faith and for the benefit of the estate. *Id*.

[¶44] The probate court found the attorneys representing the Estate had not provided personal services for Bouchard and their fees were reasonable. After a review of the record, we conclude the probate court's findings are not clearly erroneous and the court did not act in an arbitrary, unreasonable, or unconscionable manner, did not misinterpret or misapply the law, and its decision was the product of a rational mental

16

process leading to a reasoned decision. We conclude the court did not abuse its discretion in awarding attorney fees for the Estate's attorneys.

4

[¶45] Biel and Knudson also challenge the probate court's denial of their request for attorney fees. Their request for attorney fees was premised upon their assertion that Bouchard's petitions were frivolous. We have determined the court did not err in its resolution of Bouchard's petitions, and we conclude the denial of the request for attorney fees on the ground of frivolous petitions was not an abuse of discretion.

[¶46] Biel and Knudson also claim the probate court had authority to award them equitable attorney fees as devisees because their actions benefitted the Estate as a whole. They argue an estate is benefitted when it is properly administered and when the estate's assets are properly distributed. *See Estate of Hass*, 2002 ND 82, ¶¶ 21-23, 643 N.W.2d 713. We review their claim under the abuse-of-discretion standard. *Id.* at ¶ 22. We conclude the court did not abuse its discretion in denying their request for equitable attorney fees.

VI

[¶47] Biel and Knudson request this Court assign a different judge to preside over the proceedings on remand. Our affirmance of the probate court's determinations renders their request moot.

VII

[¶48] The probate court did not abuse its discretion by approving the final accounting and distribution, did not err in allowing Bouchard to participate in the proceedings as both the personal representative of the Estate and as an interested person, did not err in approving a distribution of the Estate which included allocation of the Estate's interest in a pending lawsuit, and did not err in its determination of allowable expenses and attorney fees. We affirm.

[¶49] Jon J. Jensen
 Lisa Fair McEvers
 Daniel J. Crothers

17

Jerod E. Tufte
Dale V. Sandstrom, S.J.

[¶50] The Honorable Dale V. Sandstrom, S.J., sitting in place of VandeWalle, C.J., disqualified.