# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 113

George M. Voigt,                                      Plaintiff and Appellant

v.

Brenna M. Nelson,                                  Defendant and Appellee

No. 20190285

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan J. Solheim, Judicial Referee.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Joshua Nyberg, Fargo, ND, for plaintiff and appellant.

Tasha M. Gahner, Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1] George Voigt appeals from a judgment establishing paternity and primary residential responsibility. On appeal, Voigt argues the district court's award of primary residential responsibility and decision making authority for non-emergency healthcare decisions was clearly erroneous and the court abused its discretion by adopting the recommendations from a biased parenting investigator. We affirm.

I

[¶2] George Voigt and Brenna Nelson were never married, but have one daughter, S.M.V., born in 2013. Voigt filed a complaint to establish paternity and parental responsibility in October 2018. In March 2019, Voigt sought interim relief, requesting equal residential and decision making responsibility. In April 2019, the district court ordered that the parties have joint residential responsibility and joint decision making on an interim basis. A trial was held on July 23, 2019. At trial, Voigt requested joint and equal residential responsibility and decision making authority. Nelson requested primary residential responsibility and decision making authority as determined by the court.

[¶3] The district court made findings of fact, including findings regarding the best interests factors under N.D.C.C. § 14-09-06.2(1), and entered an order for judgment. The court found two factors favored Nelson, one factor favored Voigt, and the remaining factors were either equally favorable to each of them, were neutral, or did not apply. The court found Voigt was S.M.V.'s father, which was not disputed. The court also found S.M.V. has attention-deficit hyperactivity disorder (ADHD) and noted the key dispute between the parties was the appropriate treatment for this diagnosis. The court awarded Nelson primary residential responsibility and decision making authority for non-emergency healthcare decisions. Voigt received parenting time and joint decision making in other aspects.

## II

[¶4] Voigt argues the district court clearly erred by adopting the recommendations from a biased parenting investigator.

> The district court is not required to follow a custody investigator's recommendation and has the discretion in deciding what weight to assign to the investigator's conclusion. Rather, the district court should take a custody investigator's report into consideration, but the court must come to its own conclusion.

*Marsden v. Koop*, 2010 ND 196, ¶ 13, 789 N.W.2d 531. The court has discretion in determining the weight to assign to a custody investigator's conclusions. *Id.* at ¶ 8. Therefore, we review whether the court abused its discretion when considering the parenting investigator's report.

[¶5] Voigt argues the district court adopted the parenting investigator's report as its own, and the report is inaccurate. Voigt does not state how or in what way the court adopted the report. The court did follow the recommendation to award Nelson primary residential responsibility. However, Nelson points out several instances where the court did not follow the parenting investigator's report, including the amount of parenting time Voigt received. Judges are not ferrets, and we will not engage in an unassisted review of the record in support of a party's position. *Coughlin Constr. Co., Inc. v. Nu-Tec Indus., Inc.*, 2008 ND 163, ¶ 9, 755 N.W.2d 867. The court did not abuse its discretion by adopting some of the parenting investigator's recommendations.

[¶6] In terms of inaccuracy, Voigt argues the district court's findings and the investigator's report imply he does not accept S.M.V.'s diagnosis because he called S.M.V.'s ADHD "borderline" and points to a doctor's report also using the phrase "borderline." The court heard testimony from several witnesses, including Voigt, about the use of the term "borderline" to describe S.M.V.'s diagnosis. The court is in the best position to determine credibility of the witnesses, and we will not reweigh the evidence on appeal.

[¶7]   Voigt also argues the parenting investigator is biased because she is a single mother of a child with ADHD.  Rule 8.6, N.D.R.Ct., governs parenting investigators and incorporates the code of conduct.  *Morris v. Moller*, 2012 ND 74, ¶ 14, 815 N.W.2d 266.   The code of conduct provides a parenting investigator should aggressively strive to achieve professional independence:

> A parenting investigator shall preserve professional independence in the discharge of the investigator's duties.  An investigator should act in accordance with the law, free from all other influence, rendering investigative services based upon the investigator's best knowledge. An investigator should avoid any impairment of independence and must not permit professional standards to be compromised by external pressure.

N.D.R.Ct. App. G.

[¶8]   The code of conduct also provides a parenting investigator should aggressively strive to achieve objectivity:

> When providing investigative services, a parenting investigator shall adhere to the facts.  Facts should be presented in as neutral and clear a manner as possible.  The facts should speak for themselves, and conclusions and analysis should not involve exaggeration, adjectival assistance, or other editorial overemphasis.

N.D.R.Ct. App. G.

[¶9]   A review of the record reflects Voigt did not object to the admission of the investigator's report or to her testimony.  Because Voigt did not object to the parenting investigator's testimony and did not move to strike the investigator's report on the basis of alleged bias, we will not address it further on appeal.  We do not consider issues not presented to the trial court.  *Estate of Brandt*, 2019 ND 87, ¶ 32, 924 N.W.2d 762.  The district court did not abuse its discretion considering the testimony and report of the parenting investigator.

## III

[¶10] We have considered Voigt's other arguments and conclude the district court did not clearly err in its analysis of N.D.C.C. § 14-09-06.2(1)(b) and (c). As to those issues, we summarily affirm under N.D.R.App.P. 35.1(a)(2). We affirm the judgment establishing paternity and primary residential responsibility.

[¶11]  Lisa Fair McEvers
       Gerald W. VandeWalle
       Jerod E. Tufte
       Daniel J. Crothers
       Jon J. Jensen, C.J.