On appellant's petition for reconsideration filed February 14, and respondent's response to petition for reconsideration filed February 14, reconsideration allowed; former disposition (214 Or App 571, 166 P3d 606 (2007)) withdrawn; affirmed June 11, petition for review denied August 6, 2008 (345 Or 175)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SHAWN ADAM ANDREWS,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF040257; A128682

185 P3d 1127

Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, for response.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant petitions for reconsideration in this criminal case, arguing that we erred in affirming without opinion his challenge to consecutive sentences based on the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), that facts used to enhance a penalty for a crime, other than prior convictions or facts admitted by the defendant, must be found by a jury beyond a reasonable doubt. *State v. Andrews*, 214 Or App 571, 166 P3d 606 (2007). Defendant notes that, subsequent to our affirmance of his sentence, the Oregon Supreme Court held that the rule of law from *Apprendi* and *Blakely* applied to facts used to support consecutive sentences. *See State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, \_\_\_ US \_\_\_ , 128 S Ct 1657 (2008). The state responds that any error was invited error, because defense counsel specifically stated at sentencing that the court had the ability to impose—as it ultimately did—three consecutive 75-month sentences, for a total of 225 months. We agree that any error under these circumstances was far from "plain." Accordingly, on reconsideration, we adhere to our original decision that defendant's convictions and sentences should be affirmed.

Defendant was convicted of two counts of first-degree sexual abuse, ORS 163.427, three counts of second-degree rape, ORS 163.365, two counts of second-degree sodomy, ORS 163.395, and one count of second-degree sexual penetration with a foreign object, ORS 163.408. The sentencing court imposed 75-month mandatory minimum sentences for first-degree sexual abuse, second-degree sodomy, and second-degree sexual penetration with a foreign object, with those sentences to be served consecutively to one another. The court imposed concurrent sentences on the remaining convictions.

At sentencing, the parties and the court were quite aware of *Blakely* and, in fact, a colloquy occurred concerning its potential application to consecutive sentences. The prosecutor advocated for consecutive sentences. Defense counsel responded:

"Well, judge, actually, my client will argue that under the *Blakely* analysis, *there was not a jury determination as to more than three incidents*, therefore, he would argue that there's only a maximum of—what would that be—225 months available here."

(Emphasis added.) The court agreed with defendant's analysis, concluding that the jury's verdict necessarily determined that there had been three separate incidents—and, thus, three consecutive sentences were possible. The court further concluded that it could *not* impose consecutive sentences on the remaining convictions because they occurred "during a continuous and uninterrupted course of conduct with the other * * * charges, and because a jury determination was not made as to a consecutive sentence." As noted, the court imposed sentence consistently with that reasoning.

On appeal, defendant contended that his present *Blakely*-based challenge to the imposition of consecutive sentences had been preserved. Specifically, defendant's opening brief relied on the colloquy described above as preserving the issue, and argued that, although counsel had "conceded below that *Blakely* did not preclude imposition of three consecutive sentences," counsel "was incorrect." Defendant did not contend that the trial court, in imposing consecutive sentences, had committed an "error of law apparent on the face of the record." ORAP 5.45(1).

As noted, we affirmed without opinion. On reconsideration, defendant now invokes the "plain error" doctrine, arguing that the error is "obvious" and not reasonably in dispute in light of the *Ice* decision.

In *Ice*, the court considered whether factual findings in support of consecutive sentences under ORS 137.123(2), (4), and (5) implicated the rule of law from *Blakely*, and concluded that they did. 343 Or at 265, 265 n 4. That rule of law pertains to the present case.

The problem, however, is that in the circumstances of this case, any purported error was far from "plain." As noted, trial counsel acknowledged to the trial court that the jury's disposition of various charges supported a conclusion

that there were three separate incidents. Although defendant now summarily argues that counsel "was incorrect," he does not explain why. The offenses for which defendant received consecutive sentences were alleged in the indictment to have occurred in three different date ranges. The jury instructions instructed the jury that the state was required to prove that each of the crimes at issue occurred during the date range alleged. Obviously, at sentencing, both defense counsel and the court first—*and correctly*—concluded that *Blakely* applied to consecutive sentencing, and further agreed that the jury had, in fact, made determinations sufficient to impose three consecutive sentences pursuant to ORS 137.123(2) (if offenses "do not arise from the same continuous and uninterrupted course of conduct," the court may impose consecutive sentences).

Given those circumstances, there is no "plain error" under *Ice*. The trial court, in imposing consecutive sentences, applied the legal analysis that was subsequently approved in *Ice*. That is, the court did not itself render findings as to whether the offenses for which consecutive sentences were imposed arose from separate incidents for purposes of ORS 137.123(2) but, instead, relied on what it understood to be the jury's necessary, albeit implicit, findings in that regard. Whether the trial court was correct in its understanding and characterization of the jury's determination is a matter that is hardly "obvious." *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) ("plain error" must, *inter alia*, be "obvious, not reasonably in dispute"). That is so, not only given trial counsel's admission to the trial court, which partakes of "invited error,"[1] *see generally State v. Maxwell*, 165 Or App 467, 478, 998 P2d 680 (2000) (invited error provides no basis for reversal on appeal), but also because the *Blakely*-related effect of the jury's verdict here is a matter reasonably in dispute. In that regard, we note that defendant cites no case law in support of his assertion that, notwithstanding the different time ranges charged in the indictment and the content of the jury instructions, the jury's verdict was not properly susceptible to the trial court's understanding, which defendant's trial counsel shared.

---

[1] Even assuming there was some error.

Reconsideration allowed; former disposition withdrawn; affirmed.